VIRGLE GEURIN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 3960

October 8, 1957                    315 P.2d 965

*Richard L. Waters, Jr.,* of Carson City, for Appellant.

*Grover L. Krick,* District Attorney, Douglas County; *Paul D. Laxalt,* Deputy District Attorney, Douglas County; *Harvey Dickerson,* Attorney General, Carson City, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Appellant was found guilty of a violation of sec. 17 of the Uniform Narcotics Drug Act, NRS ch. 453, sec. 453.180, providing in part: "No person shall obtain or

attempt to obtain a narcotic drug * * * by the use of a false name * * *." His appeal from the judgment of conviction is based upon the contention that the state court was without jurisdiction because the federal government had preempted the field. In support of this contention he relies on Commonwealth of Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640. It is our conclusion that such case does not support appellant's contention and that the judgment must be affirmed.

Commonwealth of Pennsylvania v. Nelson was based upon the conclusion that the Smith Act, 18 U.S.C., Tit. 18, sec. 2385, prohibiting the knowing advocacy of the overthrowing of the government of the United States by force and violence superseded the enforcibility of the Pennsylvania sedition act proscribing the same conduct. The court held (1) that the scheme of federal regulation was so pervasive as to make reasonable the inference that the congress had left no room for the states to supplement it; (2) that in the field of legislation the federal interest was so dominant that enforcement of state laws on the same subject was precluded; and (3) that the enforcement of the state act presented a serious danger of conflict with the administration of the federal program. The court said, adopting the language of the Supreme Court of Pennsylvania, 377 Pa. 58 at 76, 104 A.2d 133 at 142, "Sedition against the United States is not a *local* offense. It is a crime against the *Nation*. As such, it should be prosecuted and punished in the Federal courts where this defendant has in fact been prosecuted and convicted and is now under sentence. It is not only important but vital that such prosecutions should be exclusively within the control of the Federal Government * * *."

We think the instant case falls more clearly within the principle of Gilbert v. State of Minnesota, 254 U.S. 325, 41 S.Ct. 125, 127, 65 L.Ed. 287 (distinguished in the prevailing opinion in the Nelson case, but relied on in the dissenting opinion), in which the supreme court upheld a

Minnesota statute making it unlawful to advocate that men should not enlist in the military or naval forces of the United States. The federal interest was in raising armies and proscribed identical activity. There the court, recognizing that only congress could raise and direct an army, nevertheless held that the state had power "to regulate the conduct of its citizens and to restrain the exertion of baleful influences against the promptings of patriotic duty to the detriment of the welfare of the Nation and State." See also Fox v. Ohio, 5 How. 410, 12 L.Ed. 213. The case is clearly distinguishable from cases involving alien registration, intimately connected, as they are, with foreign relations, Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581, or cases involving interstate commerce, Cloverleaf Butter Co. v. Patterson, 315 U.S. 148, 62 S.Ct. 491, 86 L.Ed. 754, authorities on which the court relied in the Nelson case.

Appellant further contends that it was not proved that his use of a false name "was the motivating and causative basis" for the druggist's delivery of the narcotic to him and that it was, therefore, not proved that he obtained the drug "by the use of a false name." The contention would appear to be that it was necessary for the state to negative all other causes that might possibly have motivated the druggist in delivering the drug to appellant. It appears from the transcript that the druggist required appellant to sign for receipt of the drug, whereupon appellant signed the false name of Virgle Moore. We do not find the argument convincing.

Affirmed.

EATHER and MERRILL, JJ., concur.