516 P.2d 741

**In the Matter of the ESTATE of Bliss L. HUBBARD.**

**No. 13251.**

Supreme Court of Utah.

Dec. 4, 1973.

4.  State v. Carlsen, 25 Utah 2d 305, 309, 480 P.2d 736 (1971).

John S. Boyden and John Paul Kennedy of Boyden & Kennedy, Salt Lake City, for appellant.

H. R. Waldo, Jr. and Robert M. McDonald of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment after a jury verdict that a decedent was subjected to undue influence when suffering from a stroke, and who signed a codicil to her will, executed many years before, switching a memorial trust fund which would then go to a sister. Affirmed with no costs awarded.

The codicil was executed some time after 1:30 a. m., a week before decedent died, when another sister had awakened suddenly, thought about it and promoted it.

■ This case is strictly a factual one, and the only point on appeal is alleged insufficiency of the evidence to support the verdict and judgment. The appeal principally urges facts unfavorable to the result. On review the rule always has been that there will be an affirmance of the verdict if believable, admissible facts are adduced supporting it.

■ Besides the facts already adverted to above, and in light of the established doctrine that the veniremen prerogatively may canvass the facts in an atmosphere of reasonable credibility assessment, we cannot say the panel erred here when the advocate for admission of the will to probate, awoke one night, at 1:30 a. m., a week before an apparently terminal patient died, went to a rest home where decedent obviously was dying, and stated she had reminisced "about the many good times the three sisters had had together," and that during that period of reminiscing, the idea came to her to inquire as to whether interest on the fund "set up by her sister" to memorialize her deceased husband, should be diverted to her other sister. An hour and a half later, at 3:00 a. m., on a typewriter in her kitchen, the moving party here created and gave birth, in type, to the codicil, subject to this action,—had her sister sign it and procured a couple of nurses standing in the rest home hallway to witness it.

Arrangements were made by the petitioner for an attorney and a trust officer of the bank to see the decedent about her affairs, which they attempted to do. However, she did not want to see them or talk to them the day they called,—and she died four days later. Other facts could be recited here to support the jury, which we think would serve no useful purpose.

Under established rules of appellate review, we think it inescapable to decide other than to affirm the jury and the judge,—which we do.

CALLISTER, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.