**ALL STATES PLASTIC MANUFACTURING CO., INC., an Illinois corporation, Plaintiff-Appellant,**

v.

**WECKESSER COMPANY, INC., an Illinois corporation, Defendant-Appellee.**

**No. 73–1903.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1974.

Decided Nov. 19, 1974.

Leonard S. Knox, Chicago, Ill., for plaintiff-appellant.

Edward C. Threedy, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, CUMMINGS, Circuit Judge, and RIVES,* Senior Circuit Judge.

PER CURIAM.

Plaintiff All States Plastic Manufacturing Co., Inc. brought suit for infringement of Eberhardt Patent No. 3,484,905. Plaintiff was and is the assignee of all right, title and interest in this patent. Defendant Weckesser Company, Inc., answered by denying infringement and counterclaimed, seeking a declaration that the Eberhardt patent claims are invalid. The district court found for the defendant as to infringement and as to invalidity. We affirm the finding of invalidity and therefore need not consider the infringement issues.

The suit patent discloses a flexible plastic bundle tie of one-piece construction. The tie consists of an elongated strap having a series of teeth on one side extending traversely to the length of the strap and a head structure at one end of the strap. The head structure is pierced by a rectangular opening within which a pawl is mounted on a ledge which extends from one traverse side of the opening to the other. The pawl functions by providing a sharp edge adapted to catch any of the numerous teeth situated on the strap when the strap is passed through the opening and tightened around the bundle to be tied. The pawl is so constructed as to allow the teeth on the strap to pass the catching edge as it is pulled through the opening in the tightening procedure, but not to allow the teeth to pass in the reverse direction without firmly catching and locking on the edge of the pawl.

The essential inventive element claimed by the Eberhardt patent is the configuration of the pawl, which is described as "essentially rhombohederal" in configuration, and the disposition of the pawl on a ledge within the opening which extends fully from one side of the opening to the other. It is contended that this combination provides needed rigidity to avoid slippage caused by partial pivoting of the pawl at or near its base, a characteristic imputed to the prior art by plaintiffs.

The district court held that the structure disclosed in the Eberhardt patent was obvious in light of relevant prior art, some of which was not considered by the patent examiner in granting the patent. We affirm the finding of invalidity on this ground.

The Supreme Court has suggested the following process of analysis in determining the validity of a patent in the face of an assertion of obviousness:

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined.

Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966).

The suit patent does not stand up to this test. The prior art is extensive, disclosing several pawl configurations relying on the opposition of one or more edges on the pawl with transverse teeth on the strap element. The pawls disclosed in the prior art are of varying degrees of flexibility. The essential element in the suit patent configuration which distinguishes it from the prior art is the precise geometric limitation of the pawl: it is essentially rhombohederal. This alone is not a significant or inventive difference. In fact, the pawl disclosed in the Bourne Patent No. 3,486,201 is quite the same as the suit patent configuration with the addition of three extra locking teeth. As the district court pointed out, this contemporary development is itself an indication of the fact that the pawl configuration in the Eberhardt claims was obvious to

---

* Senior Circuit Judge Richard T. Rives of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

those skilled in the art at the time of filing. Visual examination of the balance of the prior art presented by defendant Weckesser confirms this fact.

The order of the district court finding Eberhardt Patent No. 3,484,905 invalid for obviousness is therefore affirmed.