**FUTORIAN MANUFACTURING CORPORATION et al.,**
**Plaintiffs-Appellees,**

v.

**DUAL MANUFACTURING & ENGINEERING, INC.,**
**Defendant-Appellant.**

**No. 74–1399.**

United States Court of Appeals,
First Circuit.

Argued Dec. 2, 1975.

Decided Feb. 4, 1976.

Joseph Zallen, Boston, Mass., for defendant-appellant.

David Wolf, Boston, Mass., with whom George L. Greenfield and Wolf, Greenfield & Sacks, Boston, Mass., were on brief, for plaintiffs-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Defendant, Dual Manufacturing & Engineering, Inc., appeals from a declaratory judgment in a consolidated action by three manufacturers, holding invalid its U. S. Patent No. 3,163,464 ('464) issued December 29, 1964, and from dismissal of its counterclaims seeking damages for infringement. The judgments followed a jury trial and special verdicts finding Dual's patent novel and useful, but obvious. Other findings of infringement and damages in the event the patent were found valid are irrelevant to our disposition, for we affirm the judgment of invalidity.

The invention relates to a rocker-recliner lounge chair, and involves more particularly the "rocker-blocker"—the means which allows the chair to rock in an upright position and to be stable in a reclining position. Appellant claims that the "pioneer and revolutionary" feature of '464 is the fact that an occupant can convert the rocker to a reclining chair by simple body movement without recourse to a handle. Other rocking and/or reclining chairs had been patented earlier. Some were cited by the patent examiner; others were not.

The court, in giving the case to the jury, without objection took the following steps with reference to the prior art: (1) it instructed the jury that as a matter of law three patents were part of the relevant prior art—of which only one had been cited by the examiner; (2) it identified twelve other patents which Dual had conceded to be relevant prior art—of which only six had been cited by the examiner; and (3) it asked the jury to decide whether three additional patents, only one of these having been cited by the examiner, were in the prior art. The jury found all three to be relevant prior art. Thus, of twenty relevant prior art patents, the examiner's attention, so far as any record reveals, was called to only eight.

The omissions cannot be said to be insignificant. One was Dual's own Re patent, No. 3,137,521, which had all of the mechanism for converting an upright chair to a reclining chair, lacking only a rocker base and the rocker-blocker device to stabilize the chair when in the reclining position. Another was the Knabusch patent, No. 3,096,121, which was a rocker-recliner, achieving stability in the re-

clining position by a simple latching bar which, when a handle is pulled, engages a latching bracket as the leg-rest is extended. The Ducrot French patent, No. 717,017, issued in 1931, even supplied a rocker-blocker activated by motion of the chair without a handle, differing from the patent in suit chiefly in that the perpendicular portion rested directly on the floor, not on a small wheel. Wheels were incorporated in a British patent, Varran, No. 889, 897, although these were activated by a handle.

This less than complete patent office canvassing of prior art led the court to charge the jury that the ordinary presumption of validity accompanying every patent under 35 U.S.C. § 282 was destroyed. It further charged that the plaintiffs' burden of proof in establishing invalidity was the ordinary burden of proof by a preponderance of the credible evidence.*

At no time did appellant seek by request or objection to make an issue of the court's instruction as to the presumption. It did, however, file written requests that plaintiffs be held to a "clear and convincing" standard of proof of obviousness and, after the court had given its instructions, noted its objection, counsel saying, "I believe that [proof of invalidity] requires a higher standard than an ordinary burden." The court replied, "They only have the [ordinary] burden because of the posture of this case at this stage."

■ We consider first the charge as to presumption. We are asked to find plain error, particularly since this alleged error "is intimately related with [the] error of stating an improper burden of proof". We decline to do so. Perhaps the proposition most frequently articulated in the past is that to the extent

patent office attention has not been directed to relevant instances of prior art the presumption of validity arising from the issuance of a patent is eroded. *See, e. g., Parker v. Motorola, Inc.,* 524 F.2d 518, 521 (5th Cir. 1975); *Schnadig Corp. v. Gaines Mfg. Co., Inc.*494 F.2d 383 (6th Cir. 1974). The presumption, at least where a combination patent claim is involved, is not a heavy one to begin with. *Lawrence Rigging, Inc. v. Airtek Corp.,* 182 USPQ 375 (D.Mass.1974) (Aldrich, J.). And some courts have come to question whether the presumption has any independent function other than to place the burden of proof on him who asserts invalidity. *E. g., Rains v. Niaqua, Inc.,* 406 F.2d 275, 278 (2d Cir. 1969). While this may in other contexts present an interesting and important question, we do not resolve it here, since we find that the charge as a whole, referring particularly to the burden placed on appellee, could not, under the circumstances of this case, have prejudiced appellant.

In the posture of this case the attacker of validity was also the plaintiff-appellee. It therefore still remained under a burden. But, even assuming the applicability of the traditional teaching that the statutory presumption of validity can in the normal case be overcome only by a stronger factual showing than that connoted by proof by a preponderance, *but see Dickstein v. Seventy Corp.,* 522 F.2d 1294 (6th Cir. 1975), this is not such a case. The presumption of validity having been weakened, it follows that while a burden still remained on the challenger, it would, as a practical matter, be less than the burden embodied in the "clear and convincing" standard, even assuming (which we do not now decide) that such a standard must be announced in a case where the presumption stands

---

* "It is conceded here that there was relevant prior art which was not referred to in the processing of this patent in the Patent Office. That destroys the presumption of validity which would otherwise accompany a patent that had been issued.

But because of the way this case has arisen, procedurally, it doesn't make very much differ-

ence because the plaintiff still, by reason of the fact that he is the plaintiff in the case—excuse me, they are the plaintiffs in the case—have the burden of proof of establishing the invalidity of the patent. That burden of proof is the ordinary burden of proof of establishing that by a preponderance of the credible evidence."

unimpaired. We therefore find no reversible error in the instructions.

 Appellant raises a third issue in objecting to testimony by a witness who had constructed chairs somewhat like that described in '464. The basis of the objection is lack of the 30 day written notice required by 35 U.S.C. § 282. But neither the witness nor his testimony falls within the coverage of the statute and objection was made only after direct examination and part of the cross-examination had been completed. It was well within the court's discretion to overrule the objection.

The other issues raised relate to infringement and other matters not necessary to be decided.

*The judgment of invalidity is affirmed.*