TIME COMMERCIAL FINANCING CORP., a Utah corporation, Plaintiff and Appellant,

v.

Carol Brimhall DAVIS, Walker Bank & Trust Company, Administrator with the Will annexed of the Estate of Ray S. Brimhall, deceased, et al., Defendant and Respondent.

WALKER BANK & TRUST COMPANY, Administrator with the Will annexed of the Estate of Ray S. Brimhall, deceased, Defendant, Third-Party Plaintiff and Respondent.

v.

BRIMCO HYDRAULICS & ENGINEERING, INC., a corporation, et al., Third-Party Defendants and Respondents.

No. 17483.

Supreme Court of Utah.

Oct. 8, 1982.

Robert T. Mallinckrodt, David O. Seeley, Salt Lake City, for plaintiff and appellant.

David V. Trask, Marcus G. Theodore, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Plaintiff Time Commercial Financing Corporation (Finance Company) seeks reversal of a jury verdict upholding the validity of two United States patents on inventions by the deceased, Ray S. Brimhall. Defendants Carol Brimhall Davis and the Estate of Ray S. Brimhall, also a third-party plaintiff, (Brimhalls) seek affirmance of the judgment and a remand to the trial court for an accounting and recovery of royalties due them on certain cab latches and valve systems produced by the Finance Company pursuant to a judicially implied patent license. They also seek a remand to the trial court to resolve the remaining factual issues regarding the scope of the patent license.

It would be a work of supererogation to recount all of the facts of this case. The essential ones are the following: In 1965 Ray S. Brimhall invented a hand pump hydraulic piston system (valve system) which enables a mechanic to tilt open the cabs of large semi-truck tractors without assistance (for the purpose of servicing the engines). In 1967 he also invented a combined cab latch with spring which holds the cab closed when the truck tractor is in operation and acts as a shock absorber to cushion the ride for the driver. He formed his own company, Brimco Hydraulics and Engineering, Inc., (Brimco) third-party defendants, in order to produce his inventions. He died in 1969.

In 1975 the trial court interpreted the deceased's employment, consulting, and management arrangement with Brimco as a contract whereby he owned the patents, inventions and improvements which subsequently passed into his estate upon his death; the court also granted an exclusive contract license to Brimco to manufacture, develop and sell the deceased's inventions for which his estate would receive a two percent royalty. After the death of Ray S. Brimhall, Brimco factored certain of its accounts receivables and entered into a loan with the Finance Company. The Finance Company foreclosed upon the loan and succeeded to the exclusive license under the two patents for the duration of the lives of the patents.

The Finance Company makes and sells several models of the cab latch defined by Patent No. 3,797,882 (Cab Latch Patent) and makes parts for one model of the valve defined by Patent No. 3,430,653 (Valve System Patent). The Finance Company also makes and sells several other cab latches and valves under other patents obtained by it and which it contends are not covered by the two Brimhall patents. Whether royalties are owed on sales (primarily to General Motors) under one of these other patents (or "adaptations" as the Brimhalls contend) is an issue which remains unresolved in the trial court. A reversal of the trial court ruling would foreclose this issue.

At trial the Finance Company challenged the Brimhall patents on the ground that (1) the cab latch patent was "on sale" more than one year prior to the filing of the application for patent, contrary to the provisions of 35 U.S.C. 102(b), and (2) the valve system patent was not new and was not unobvious, contrary to the requirements of 35 U.S.C. 102(a) and 35 U.S.C. 103. The

jury returned answers to interrogatories upholding the validity of both patents.

The Finance Company makes four arguments on appeal: (1) the jury and trial court erred in finding that Brimhall had not made an offer for sale of the cab latch invention more than one year prior to the patent application; (2) the valve system patent was invalid because it was anticipated; (3) the valve system patent was invalid because it was obvious; and (4) the trial court erred in allowing the jury to consider an agreement involving one of the Finance Company's witnesses over its objection that it was prejudicial. With the exception of the last argument, the thrust of the Finance Company's argument centers on its dispute with the jury's interpretation of the evidence presented to it.

This Court upholds the findings of a jury where there is competent evidence to sustain them. *Watters v. Querry,* Utah, 626 P.2d 455 (1981); *Durfey v. Board of Ed. of Wayne County School Dist.,* Utah, 604 P.2d 480 (1979); *Maltby v. Cox Const. Co. Inc.,* Utah, 598 P.2d 336 (1979); *Uinta Pipeline Corp. v. White Superior Company,* Utah, 546 P.2d 885 (1976); *Nelson v. Peterson,* Utah, 542 P.2d 1075 (1975); *Fuller v. Zinik Sporting Goods Co.,* Utah, 538 P.2d 1036 (1975); *Barlow Upholstery & Furniture Co. v. Emmel,* Utah, 533 P.2d 900 (1975); *In re Hubbard's Estate,* 30 Utah 2d 260, 516 P.2d 741 (1973). In *Ute-Cal Land Development Corporation v. Sather,* Utah, 605 P.2d 1240 (1980) this Court stated:

> In viewing this evidence, this Court will upset the jury verdict only upon a showing by the appealing party that the evidence so clearly preponderates in his favor reasonable people could not differ on the outcome of the case.

605 P.2d at 1245.

The Finance Company's reliance upon *Lake v. Hermes Associates,* Utah, 552 P.2d 126 (1976) is unpersuasive since that case, which involved a breach of contract concerning a shopping mall development, was tried to a judge. This Court held that standard presumptions of credibility and verity of findings did not apply since the trial judge was in no better position to interpret documents than is a reviewing court. In this case, the jury was in an advantaged position and was asked to interpret evidence apart from documents. The Finance Company's citation (without argument) of *Lake v. Hermes Associates,* supra, fails to convince us that the ultimate issues of fact should be taken from the jury here on review. The unaltered standard requires that a jury verdict not be upset unless the evidence clearly preponderates for the appellant to the extent that reasonable people could not differ on the outcome of the case.

## CAB LATCH PATENT

■ The Finance Company contends that the deceased, Brimhall, offered the cab latch invention to Kenworth Motor Truck Company for sale more than one year prior to the filing of the application for patent. 35 U.S.C. 102(b) provides:

> A person shall be entitled to a patent unless the invention was ... in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

An invention is placed "on sale" whenever the inventor or his company engages in any activity to sell the invention, including making an offer for sale. *General Motors Corp. v. Toyota Motor Co., Ltd.,* 467 F.Supp. 1142, 205 U.S.P.Q. 158, (S.D.Ohio 1979). See also *Timely Products Corp. v. Arron,* 523 F.2d 288, 187 U.S.P.Q. 257 (2d Cir.1975); *Amphenol Corp. v. General Time Corp.,* 397 F.2d 431, 158 U.S.P.Q. 113 (7th Cir.1968). However, the invention that is the subject of sale must be a reality in the sense that it is beyond the stage of experimentation. *Robbins Co. v. Lawrence Manufacturing Co.,* 482 F.2d 426, 178 U.S.P.Q. 577 (9th Cir. 1973); *Hobbs v. United States Energy Commission,* 451 F.2d 849, 171 U.S.P.Q. 713 (5th Cir.1971); See also *Austin v. Marco Dental Products, Inc.,* 560 F.2d 966, 195 U.S.P.Q. 529 (9th Cir.1977); *In re Yarn Processing Patent Validity Litigation,* 498 F.2d 271, 183 U.S.P.Q. 65 (5th Cir.1974), cert. den., 419 U.S. 1057, 95 S.Ct. 640, 42 L.Ed.2d 654,

184 U.S.P.Q. 65 (1974). Further, an offer for sale must be an offer to an individual not operating or acting in a close confidential relationship with the inventor. *Pachmayr Gun Works v. Olin Matheson Chemical Corp.*, 502 F.2d 802, 183 U.S.P.Q. 5 (9th Cir.1974); *A.H. Emery Co. v. Marcan Products Co.*, 389 F.2d 11, 156 U.S.P.Q. 529 (2nd Cir.1968), cert. den. 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1968).

■ The Finance Company points to the forwarding of two prototypes to Kenworth for testing and argues that the sending of a letter to a purchasing agent for Kenworth more than one year prior to the patent application which was made April 29, 1968 constituted an offer for sale. The April 17, 1967 letter read as follows:

> Dear Mr. Wagner:
>
> Mr. Chet Dorn has approved the new Cab lock that we have developed for use on your Tilt-Cab trucks. He has asked that I submit to you a formal quote, as to price, delivery, and quantity.
>
> Our price to you on an exclusive basis is $21.50 for 2,500 units or more per year, f.o.b. Salt Lake City, Utah.
>
> We shall require nearly 70 days for delivery from date of the order.
>
> We look forward to doing business with you, and would suggest an early order, that we might begin production.
>
> Sincerely,
>
> Ray S. Brimhall

While this letter alone may appear to be an offer, other evidence supports the Brimhalls' argument that the prototypes and letter were methods of establishing product feasibility. Exhibit P–43 showed that Kenworth was continuing testing the cab latch as of April 28, 1967. An engineer of Kenworth testified on cross-examination that Kenworth and Ray S. Brimhall were jointly developing and testing the cab latch prior to April 29, 1967 as part of a confidential joint testing venture. A former business partner and rebuttal witness testified that the first sale purchase order was in July or August of 1967. He further testified that offers for sale are not normally made without the part numbers which were not sup-plied until May 3, 1967, and that no cab latch production models were actually made until June of 1967.

Without the exercise of a complex factual recounting, it is clear from only the brief discussion above there is evidence favoring both the Finance Company and the Brimhalls. And as we explained earlier, the standard requires that a jury verdict not be upset unless the evidence clearly preponderates for the appellant so that reasonable people could not differ on the outcome of the case. Since reasonable people could differ as to whether there was an offer for sale here, the trial court is affirmed on this point.

## VALVE SYSTEM PATENT

■ The Finance Company's second and third points will be treated together. The second point is that the valve system patent is invalid because it was anticipated. According to 35 U.S.C. 102, a patent may be granted only on a device that is novel; it may not be anticipated by the prior art. Prior art, according to 35 U.S.C. 102 is that which, (1) before the date of invention, was known or used by others in this country, (2) before the date of invention was patented or described in a printed publication in this or a foreign country, (3) more than one year prior to the date of application for patent was patented or described in a printed publication in this or a foreign country, or (4) more than one year prior to the date of application for patent was publicly used or on sale in this country. Anticipation occurs when "some single prior article, patent, or publication contains within its four corners every element of the claim in question." *Paeco Inc. v. Applied Moldings, Inc.*, 562 F.2d 870, 875, 194 U.S.P.Q. 353, 357 (3rd Cir.1977).

■ The Finance Company's third point is that the valve system patent is invalid because it was obvious. Title 35 U.S.C. 103 provides:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of

this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Obviousness is determined in light of the knowledge available to one reasonably skilled in the art at the time the patents in issue were sought; it is not determined by hindsight. *Deere & Co. v. Hesston Corp.,* 456 F.Supp. 520, 196 U.S.P.Q. 238 (D.Utah 1977), aff. 593 F.2d 956, 201 U.S.P.Q. 444 (10th Cir.1979); *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 U.S.P.Q. 459 (1966).

The resolution of whether the valve system patent is invalid because it was anticipated and obvious involves consideration of complex factual elements. A patentee customarily submits a series of claims (essentially defining his invention), each of which grants the patentee a separate right and some of which may be dependent upon the others. Since he cannot forsee what prior art will later be asserted during litigation, the patentee hopes to improve his chances of preserving valid claims to survive litigation by initially making a number of claims ranging in scope from broad to narrow. See generally *Maclaren v. B–1–W Group, Inc.,* 535 F.2d 1367, 190 U.S.P.Q. 513 (2d Cir.1976), cert. den. 429 U.S. 1001, 97 S.Ct. 531, 50 L.Ed.2d 612, 192 U.S.P.Q. 121 (1976); *Swanson v. Unarco Industries, Inc.,* 479 F.2d 664, 178 U.S.P.Q. 17 (10th Cir.1973), cert. den. 414 U.S. 1076, 94 S.Ct. 593, 38 L.Ed.2d 483, 180 U.S.P.Q. 1 (1973); *Foxboro Co. v. Taylor Instruments Companies,* 157 F.2d 226, 70 U.S.P.Q. 338 (2d Cir.1946), cert. den. 329 U.S. 800, 67 S.Ct. 494, 91 L.Ed. 684, 72 U.S.P.Q. 529 (1947). In this case the Finance Company challenged Brimhall's claims seven through eleven as having been anticipated and claims one through eleven as having been obvious. Although we have reviewed them individually and appreciate the detail with which they were treated at the trial level, we have, for the sake of brevity, treated the claims in a generalized manner in this opinion.

The thrust of the Finance Company's argument is that experts testified that numerous systems which matched Brimhall's definition of his invention in his claim were produced prior to Brimhall's invention so that his invention was anticipated and would have been obvious to an individual possessing an ordinary level of skill in the relevant prior art at the time he devised it. Obviousness does not require that all elements of a claim be found in one prior art patent as does anticipation.

The experts who were witnesses for the Finance Company testified that the combination truck cab and hydraulic system, as generally outlined in one of Brimhall's claims, had long been in public use prior to his invention. They discussed specific patents of inventions which had previously developed the features described in Brimhall's patent. Also, expert witnesses testified, for instance, that Brimhall's particular structure of his invention (specifically the arrangement of passageways and shuntways in the valve system) would have been obvious to a person of ordinary skill in the art at the time of his invention. Further, the Finance Company contends that the Brimhalls introduced no evidence to refute some portions of its expert testimony and that where they did, as in that portion with regard to prior art patents, the testimony should be accorded no weight.

There is a presumption in favor of a patent; and, invalidity can only be established by clear and convincing evidence. *Moore v. Shultz,* 491 F.2d 294, 180 U.S.P.Q. 548 (10th Cir.1974). The Finance Company's argument that it overcame the presumption of validity of a patent is unpersuasive. It is true that the presumption of validity does not exist against prior art which was not considered by the Patent Office when the patent was issued; but, if the prior art relied upon in litigating validity was the same or no better than that considered by the patent examiner, the pre-

sumption remains. *Lee Blacksmith, Inc. v. Lindsay Brothers, Inc.,* 605 F.2d 341, 203 U.S.P.Q. 211 (7th Cir.1979). See also *Sidewinder Marine v. Starbuck Kustom Boats,* 597 F.2d 201, 202 U.S.P.Q. 356 (10th Cir.1979).

The Finance Company assumes that its expert's opinion necessarily suggests that the prior art relied upon in litigating validity in this case was better than that used by the patent examiner. Based upon that assumption, the Finance Company claims that no weight should have been given to Brimhall's business partner's testimony. However, the Finance Company's assumption is faulty. It was the jury's task to weigh the evidence and determine from the Finance Company's witnesses' testimony, the patents, and other evidence in the record, including the Brimhalls' witnesses, whether the prior art relied upon in litigating validity was the same or better than that used by the patent examiner. We recognize that reasonable people could differ in their conclusion on this question and because there is competent evidence to support the jury's conclusions, we defer to their judgment.

Further, even if the presumption had been overcome, the burden would be reduced to "a preponderance of the evidence" rather than remaining the "clear and convincing evidence" standard. *Futorian Mfg. Corp. v. Dual Mfg. & Engineering, Inc.,* 528 F.2d 941, 189 U.S.P.Q. 689 (1st Cir.1976). The jury instructions so advised the jury.[1] In either case, the question before this Court is whether competent evidence appears in the record to support the jury verdict. Only if reasonable people could not differ in holding for the Finance Company, can we overturn the jury findings.

The Brimhalls' argument is persuasive; where they introduced no evidence, they had no duty to do so because it was the Finance Company's burden to provide the jury with clear and convincing evidence. For instance, the Brimhalls suggest, the structure of devices previously in public use was not sufficiently specified in the Finance Company's presentation of evidence to prove prior public use. Therefore, the Finance Company did not succeed in proving the valve system was anticipated. Further, the Brimhalls contend, to determine obviousness and anticipation, the jury was entitled to weigh the expert witness testimony and other testimony with the emphasis they chose, taking into account biases, interests and conflicts. One of the Finance Company's witnesses was a Kenworth employee. One had a prior involvement with Brimhall patents. One, a patent attorney and former patent examiner, stated that he had no way of knowing whether a patent examiner could have reviewed and determined as irrelevant the patents upon which the attorney relied in his testimony as prior art. All of the patents were of record and reviewed by the jury; the jury was not obliged to follow the opinions of any of the experts where other evidence which supports their findings was introduced into the record.

Consequently, with respect to the entire issue of the valve system patent we reiterate the position previously stated on the cab latch patent issue. Evidence in the record does not so clearly preponderate for the Finance Company that reasonable people could not differ on the outcome of the case. Therefore, the trial court is affirmed in its holdings that the valve system invention was neither anticipated nor obvious.

The fourth and last point the Finance Company makes is that the trial court erred

---

1. Instruction number sixteen read in part:

With respect to prior art which is no more pertinent than the prior art considered by the Patent and Trademark Office, Time Co. has the burden of proving to you by clear and convincing evidence that the invention defined by each claim is disclosed or described in a single item of prior art before you may conclude that the invention of that claim was anticipated by that prior art.

With respect to prior art which is more pertinent than that which was considered by the Patent and Trademark Office, Time Co. has the lesser burden of proving by a preponderance of the evidence that the invention defined by each claim is disclosed or described in a single item of prior art before you may conclude that the invention of that claim was anticipated by that prior art.

in allowing the jury to consider a written agreement involving one of the Finance Company's witnesses over objection that to do so was prejudicial. The Brimhalls contended that the agreement prevented the witness from testifying; however, after a hearing in chambers, the judge allowed the witness to testify and reserved a ruling on the use of the agreement document during cross examination. The Finance Company's counsel did not object to the agreement's entry into evidence but requested a jury instruction which would have kept the agreement from the jury.[2]

■ The Finance Company's counsel acquiesced to the admission of the agreement into evidence; and, failure to make a timely objection forecloses our consideration of that issue. As a result, the question here is whether it was error to refuse to give the requested jury instructions. Taken as a whole, the instructions which were given were not prejudicial. Nor has the Finance company convinced us that the failure to give the requested instruction resulted in any prejudice. Rules 20 and 22 of the Utah Rules of Evidence allow the admission of extrinsic evidence to establish prior inconsistent statements or positions taken by a witness to attack his credibility. Further, both the Brimhalls' counsel and the Finance Company's counsel questioned the witness regarding the agreement and argued their respective cases to the jury. The failure of an attempt to correct a tactical choice by jury instruction does not warrant reversal where no abuse in the trial court's discretion has been shown. Neither do Brimhalls' counsel's statements warrant reversal.

Judgment affirmed and case remanded for further proceedings. Costs to defendants.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.

**2.** The instruction read: "When you retire to the Juryroom to deliberate this matter, you will take these instructions with you so that you can refer to them for guidance in making your decision. You will also take the exhibits that have been entered into evidence, with the exception of Exhibit 62 [the agreement]. Exhibit Number 62 was entered into evidence for only a limited purpose, and the Court has made a ruling regarding that exhibit as a matter of law."