434 P.2d 446

The STATE of Utah, Plaintiff and Respondent,

v.

Isadore BLEA, Defendant and Appellant..

No. 10754.

Supreme Court of Utah.

Nov. 24, 1967.

**134**

Stewart M. Hanson, Jr., Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Leroy S. Axland, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant was tried, convicted, and sentenced for the crime of fraudulently obtaining a narcotic drug. The Information specified sub-section (4) of Section 58–13a–35, U.C.A.1953, as the basis for the charge. That section reads as follows:

No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug, (1) by fraud, deceit, misrepresentation, or subterfuge; or (2) by the forgery or alteration of a prescription or of any written order; or (3) by the concealment of a material fact; or (4) by the use of a false name or the giving of a false address.

The defendant prosecutes this appeal, claiming that the trial court erred in failing to instruct the jury:

(1) That the defendant would not be guilty if he did not know what drug the doctor would prescribe for him;

(2) That the defendant must intend to cause the doctor and/or pharmacist to give the narcotic drug by reason of using a false name;

(3) That the doctor and/or pharmacist must rely on the false name in giving and filling the prescription.

He further claims that there was no evidence that Frank Rivera was not the true name of the defendant.

To determine whether there is merit to his claim that those furnishing the drug pursuant to prescription must rely on the false name, it is necessary that we examine the statutes of this state.

Section 58–13a–25, U.C.A.1953, requires pharmacists to keep a record of all sales of narcotic drugs (except sales of drugs containing not more than one grain of codeine or its salts per ounce), showing the date of the sale, the name and address of the person to whom and for whose use the drug is sold, and the kind and quantity of the drug sold, and further requires that such record be kept for a period of two years after the date of the sale.

Section 58–13a–34, U.C.A.1953, provides that the records required to be kept by the pharmacist shall be open for inspection to "federal, state, county, and municipal offi-·cers, whose duty it is to enforce the laws of this state or of the United States relating to narcotic drugs."

It seems obvious that the purpose of the Legislature in enacting these statutes was to prevent illegal traffic in narcotic drugs and to regulate the sale and distribution thereof. Since the officers have access to all narcotic drug prescriptions, one who repeatedly received narcotic drugs would be discovered unless he used a false name. No claim is made that the statutes are invalid, and it seems that they are well within the proper exercise of the police power of the state.

The contention as made by the defendant here was also made by the defendant in the case of State v. Lee, a Washington case reported at 62 Wash.2d 288, 382 P.2d 491. The trial court dismissed the proceedings at the end of the State's case, and the issue was squarely before the court as to whether there had to be reliance upon a false name and/or address by the doctor or pharmacist prescribing a drug or filling a prescription. The Supreme Court of Washington reversed the trial court saying at page 494 of the Pacific Reporter:

> We conclude that, in enacting RCW 69.33.380(1) (d), the legislature did not intend that proof of reliance upon a false name and/or address by the doctor or pharmacist should be an element of the offense.

Another case bearing upon the principle involved is People v. Oviedo, 106 Cal.App.2d

690, 235 P.2d 612. At page 613 the court said:

> Lastly, in connection with the contention that absurd results would follow if the statute were strictly construed to include defendant, he cites United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986, and argues that the giving of a false name by the patient was of no causative effect whatever on the prescribing or in the distribution of narcotics since the evidence shows that the doctor would have prescribed the drug as readily if the true name had been given. The provisions of the Health and Safety Code set up a system of recordation of prescriptions to eliminate, insofar as it is humanly possible, the use of such narcotic prescriptions for illegal purposes. If the patient is allowed to give a false name and address it would be impossible, through the system, to detect illegal activity. No absurd result is reached by an interpretation of the section which precludes a patient from giving a false name or address in connection with such narcotic prescriptions. That section makes certain conduct criminal and, in the instant case, the person's conduct falls clearly within the provisions of the section. It can scarcely be material that the defendant would have also received the narcotics if he had not committed the acts forbidden by the statute. It does not follow that, because a police measure may affect persons innocent of criminal intent, it thereby produces an absurd result. [Citations omitted.]

The State of Nevada had a statute providing that "No person shall obtain or attempt to obtain a narcotic drug * * * by the use of a false name * * *." The case of Geurin v. State of Nevada, 73 Nev. 233, 315 P.2d 965, involved this statute, and the decision contains the following language:

> Appellant further contends that it was not proved that his use of a false name "was the motivating and causative basis" for the druggist's delivery of the narcotic to him and that it was, therefore, not proved that he obtained the drug "by the use of a false name". The contention would appear to be that it was necessary for the state to negative all other causes that might possibly have motivated the druggist in delivering the drug to appellant. It appears from the transcript that the druggist required appellant to sign for receipt of the drug, whereupon appellant signed the false name of Virgle Moore. We do not find the argument convincing.

> Narcotic addicts quickly learn what symptoms to feign in order to secure prescriptions containing narcotics; and if the prescription given by the doctor does not contain the narcotic drug desired, the addict simply does not have it filled and tries another doctor until he secures the desired drug.

■■ We believe the court properly instructed the jury and that it is not a necessary element of this offense for either the doctor or the pharmacist to rely upon the falsity of the name. The only intent required is the intent to secure the narcotic and to do so under a false name.

■ Even if the law were as defendant contends, he is in poor position to complain of the failure of the trial court to instruct the jury thereon, for the reason that he did not request any such instructions nor did he take any exceptions to the failure of the court to so instruct. State v. Dubois, 98 Utah 234, 98 P.2d 354.

■ The further claim of the defendant that it is not shown that Rivera was a false name is not well taken. Section 77–22–14, U.C.A.1953, reads as follows:

When the defendant is arraigned he must be informed that, if the name by which he is prosecuted is not his true name, he must then declare his true name or be proceeded against by the name in the information or indictment. If he gives no other name, the court may proceed accordingly; but if he alleges that another name is his true name, the court must direct an entry thereof in the minutes of the arraignment, and the subsequent proceedings on the information or indictment may be had against him by that name, referring also to the name by which he is informed against or indicted.

The defendant never claimed his name was Rivera nor requested any instructions from the court so as to make an issue of the falsity of his name. All during the trial he was referred to as Mr. Blea. The narcotic drug inspector for the State of Utah testified that he was acquainted with an individual known as Isadore Blea and pointed to the defendant as being that man. In the absence of any issue about the true name of the defendant, we think there was ample evidence to convince the jury beyond a reasonable doubt that defendant's true name was Isadore Blea and that he did obtain a narcotic drug by the use of a false name.

The judgment is affirmed.

J. CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.