## (December 28, 1972)

■ In the Matter of KATHERINE F. FORBES, Petitioner, v. HOLLIS S. INGRAHAM, as Commissioner of the New York State Department of Health,

Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court, in the Third Judicial Department, by order of the Supreme Court at Special Term entered in Albany County), to review a determination of the Commissioner of Health of the State of New York which ordered the sum of $150 assessed against petitioner for violation of article 33 of the Public Health Law of the State of New York. Petitioner is a licensed practical nurse charged with obtaining a narcotic drug by fraud, deceit, misrepresentation or subterfuge under section 3351 (subd. 1, par. [a], cl. [1]) of the Public Health Law. The petitioner was also charged with administering a narcotic drug to a patient more than 72 hours after the doctor's order in violation of the administrative rules. (10 NYCRR 80.70.) She conceded the administration of the narcotics after the expiration of the prescription and no penalty was assessed for that violation. It is claimed that while in charge of Ward South 1 of the Cohoes Memorial Hospital on October 11, 12 and 14, 1969 petitioner took meperidine and morphine from the narcotic cabinet under her care, failed to record the removal of the drugs as required, refilled the Tubex units originally containing the narcotics with either compazine, a tranquilizing liquid, or water to conceal the theft and then replaced the units in the cabinet. Upon the record as a whole, there is substantial evidence that carefully sealed narcotics supplies were placed in a narcotics cabinet at the commencement of petitioner's shift each day, that she alone had control and custody of the cabinet and that at the end of her shift some of the Tubex units from the cabinet were analyzed and shown to have been refilled with substitute liquids. On the 14th day of October, 1969 the cabinet was kept under constant surveillance. It was testified that no other person entered the cabinet during that shift except the petitioner and that one of the meperidine Tubex units had been emptied and refilled with compazine. Petitioner contends that the facts alleged do not constitute a violation of section 3351 (subd. 1, par. [a], cl. [1]) of the Public Health Law since the drugs were not obtained by fraud, deceit, misrepresentation or subterfuge. We disagree. Petitioner's nursing responsibilities gave her access to the narcotics cabinet so that she could remove the drugs and improperly retain them for her own use. This retention coupled with her failure to record the removal and refilling of the Tubex units to avoid apprehension was conduct proscribed by the statute. Determination confirmed and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.