**Kent F. FULLER, a minor appearing by and through Connie J. Fuller, his guardian ad litem, Plaintiff and Appellant,**

**v.**

**ZINIK SPORTING GOODS CO., a corporation, and Thomas E. Folkman, Defendants and Respondents.**

**No. 13905.**

Supreme Court of Utah.

July 30, 1975.

Glen E. Fuller, Salt Lake City, for plaintiff and appellant.

Wallace R. Lauchnor of Bayle & Lauchnor, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

The plaintiff, an 18-year-old motorcycle rider, parked his machine and entered the store of defendant carrying his helmet on his arm. He picked up a small metal karabiner, an article used in mountain climbing, and had it in his helmet when he was arrested as a shoplifter. He was tried and acquitted on the criminal charge and then filed this action seeking actual and punitive damages for (a) false arrest, (b) false imprisonment, and (c) malicious prosecution. The jury found for the defendants on all counts, and this appeal followed. There are only two assignments of error made by appellant, viz.:

1. Refusal of the trial court to direct a verdict for plaintiff, and

2. Improper instruction on the issue of the burden of proof.

By its verdicts the jury did not find that the plaintiff did anything criminal or reprehensible. It only found that the evidence was such as to justify a man of ordinary care and prudence in entertaining an honest and strong suspicion that the crime of shoplifting (petty larceny) was being committed by plaintiff.

■ The law is too well settled to require citations that in law cases, such as this, the jury has the responsibility and the duty to find the facts of the case and that if there is competent evidence to support the finding, this court cannot substitute its idea as to the facts for that of the jury.

Our statute provides that a merchant who has reasonable and probable ground for believing that his merchandise held for sale has been taken by a person with intent to steal may, for the purpose of investigating such act, detain such person in a reasonable manner for a reasonable length of time.[1] It also provides that where the merchant has reasonable and probable ground for believing that the person detained or arrested committed larceny, he shall not be criminally or civilly liable for the detention of the suspect.[2]

■ Without detailing the testimony of the various witnesses, we are convinced that the jury acted within its province in rendering the verdicts which it gave. The court, therefore, did not err in refusing to direct the jury to find for the plaintiff.

The appellant claims that the court erred in not clearly instructing the jury that the defendants had the burden of proof to show probable grounds existed for detaining the plaintiff.

The answer to that contention is that the appellant did not tender a written instruction to cover the matter. True it is in his exceptions to the charge after the jury had retired, counsel for plaintiff stated: "The plaintiff excepts to the refusal of the court to give one instruction which was originally contemplated in the set that was discussed in chambers regarding the burden of proof, the instruction which does not carry a number. . . ."

We have even held in a criminal case that the failure to request an instruction leaves a party in a poor position to claim that there was error in failing to give it.[3]

■ We think the court in this case sufficiently covered the matter of proof so that there was no reversible error contained therein.[4] It told the jury that if the defendants did have reasonable grounds to believe that plaintiff had committed larceny, they would not be liable to the plaintiff, although it did not mention who had the burden of proof of showing grounds or lack thereof.

The young plaintiff is undoubtedly disappointed in the verdict rendered by the jury and was humiliated by the treatment received, but he can take a lesson from

---

1. Section 77–13–30, U.C.A.1953 (1973 Pocket Supplement).

2. Section 77–13–32, U.C.A.1953 (1973 Pocket Supplement).

3. *State v. Blea*, 20 Utah 2d 133, 434 P.2d 446 (1967).

4. Rule 61, U.R.C.P. *In re Richards' Estate*, 5 Utah 2d 106, 297 P.2d 542 (1956).

Old Dog Tray, who likewise was treated badly from the appearance of things.[5] There is no much shoplifting going on that the legislature has given special protection to those merchants who are alert enough to attempt to protect their own goods, wares, and merchandise. The lesson is not only not to shoplift, but to avoid the suspicion of shoplifting.

The judgment is affirmed. No costs are awarded.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, Justice (concurring specially).

In concurring specially, I do so for the reason that the opinion of Mr. Justice Ellett applies our decisional law. However, I am constrained to say that an instruction on the burden of proof, in my view, is so central to every litigated matter, civil and criminal, that it should be mandatory, and given directly rather than peripherally. It should not depend upon whether it is offered. Some states have seen fit to legislate the mandate. Section 502, California Evidence Code, is as follows:

> The court on all proper occasions shall instruct the jury as to which party bears the burden of proof on each issue and as to whether that burden requires that a party raise a reasonable doubt concerning the existence or nonexistence of a fact or that he establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt.

Legislation here is not needed, for it is within the province of this court to declare rules of procedure.[1] This case, I think, is

a proper one to make such a declaration; and such an instruction, appropriate to this matter, could be as follows:

> The defendant has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:
>
> .    .    .    .    .    .
>
> The matter at hand, I believe, is a good one through which this court could establish the procedural mandate. The matter could then be reversed and remanded for a new trial.

---

5. Old Tray was in the meat store with some dogs that did steal. They escaped, and poor Old Tray took the beating which they, not he, deserved.

1. 78–2–4, U.C.A.1953, as amended.