**STATE of Missouri, Respondent,**

v.

**James Franklin ST. JOHN, Appellant.**

**No. 59653.**

Supreme Court of Missouri,
en banc.

Dec. 13, 1976.

**6**

listed in Schedules III, IV or V or procure or attempt to procure the administration of the drug by the following means: (1) Fraud, deceit, misrepresentation, or subterfuge; or (2) The forgery or alteration of the prescription or of any written order; or (3) The concealment of a material fact; or (4) The use of a false name or the giving of a false address."

At trial the evidence established that appellant had obtained sixty amphetamine-type tablets (controlled substance) from a licensed druggist by presenting a prescription made out to a non-existent person and bearing the forged signature of a local physician. The prosecuting attorney apparently concluded that evidence was lacking to prove appellant guilty of forging the prescription and proceeded under the first statutory alternative, i. e., obtaining drugs by deceit. For instance, argument was made to the jury that: "The crime is obtaining drugs by deceit, by the use of a forged prescription, not that he forged it, but that it was forged and that he used it." The verdict directing instruction was predicated on a finding of deceit; and, the jury returned a verdict specifically finding that appellant obtained a "controlled substance by deceit."

The information reads, in part: "[O]n or about the 17th day of April A.D., 1974, at the County of Clay, in the State of Missouri, one James Franklin St. John did then and there wilfully [,] feloniously and knowingly obtain from Robert Fawks, a quantity of preludin endurets containing Phenmetrazine, a Schedule III controlled substance, by presenting and requesting the filling of a forged prescription purporting to bear the signature of Hill Thurman, M.D., a physician, against the peace and dignity of the State."

Before this court, appellant challenges the sufficiency of the information by submitting that it is predicated on "deceit" but fails to allege the presence of a necessary element thereof, i. e., "reliance" on the part of the party deceived. Rule 28.02 provides that: "Allegations of error respecting the sufficiency of the information . . .

Jon M. Krebbs, Asst. Public Defender, 7th Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Respondent's application to transfer this cause from the Kansas City District of the Court of Appeals having been sustained, we consider the same "as on original appeal." Mo.Const. Art. 5, Sec. 10.

Appellant was convicted of obtaining a controlled substance in violation of § 195.-250, RSMo 1969, which provides that: "It is unlawful for any person to obtain or attempt to obtain any controlled substance

shall be considered upon an appeal although not raised in the trial court or preserved for review."

Appellant relies primarily on *State v. Kesterson,* 403 S.W.2d 606 (Mo.1966), wherein this court considered the significance of the term "deceit" in the then new stealing statute (§ 560.156) as it affected the alleged insufficiency of an information purporting to charge a violation thereof. The statute, in part, declares it to "be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit." The information therein alleged that the defendant (Kesterson) did " . . . intentionally steal, by means of deceit certain property . . ." In rejecting the same, the court recognized (l.c. 609) that generally an information is sufficient if it charges the offense in the language of the statute, but that it is not if the statute creating the offense uses generic terms and "does not individuate the offense with such particularity" as to fully advise the accused of what he is to defend against. Thereafter, l. c. 610–611, the court said:

> Not only does defendant claim that the information did not allege what the deceit was, but she also complains that it did not recite that the victim relied thereon. Such a recital was necessary in informations under the predecessor statute, § 561.370, involving false representations. *State v. Norman,* Mo., 232 S.W. 452. Such allegations also are required under the so-called confidence game statute, § 561.450. *State v. Stegall,* Mo., 353 S.W.2d 656; *State v. Cunningham,* Mo., 380 S.W.2d 401. The reasoning which required that the state allege in the information and prove that the victim relied on the misrepresentation in cases under §§ 561.450 and 561.370 also is applicable to charges of stealing by deceit under § 560.156. Unless the victim does rely on the conduct which constitutes the deceit, the stealing is not accomplished by deceit and the offense is not proved.
> We hold that § 560.156, in describing the offense of theft by deceit, does use generic terms and that it is necessary that

indictments or informations thereunder recite sufficiently the conduct constituting a theft by deceit with which a defendant is charged as to notify him as to the charge against which he must defend himself and likewise be sufficient to bar further prosecution for the same offense. We also hold that the information must charge that the victim relied on the misrepresentations with which defendant is charged. The information herein did neither.

See also *State v. Cantrell,* 403 S.W.2d 647 (Mo.1966), where further consideration was given to the required pleading of the essential and constituent element of a crime.

In response, the state concedes that the statute (§ 195.250) delineates several different means of violating the same by the use of generic as well as non-generic terms; but, then suggests that it is illogical and unwarranted to hold that "reliance" is necessarily an element of prosecution under subsection (1) of § 195.250 primarily because the druggist is not a "victim" in the sense of one parting with property because of the deceit of another. Under § 560.156 and related statutes, it is true that the "reliance" required is that of a "victim." Argument is made that the purpose of § 560.156 is to prevent individuals from parting with their property because of the deceit or misrepresentations of another party, but that the purpose of § 195.250 is not to control the defrauding or deceit of druggists or pharmacists but rather to prohibit the misuse of narcotic drugs.

Thus, an interesting question is posed, i. e., is it impossible to prosecute a person under subsection (1) of § 195.250 for obtaining a controlled substance by "deceit" because there is no "victim" to provide a "reliance" thereon? Resolution of an answer to the question posed is made easier if we note how the "reliance" issue has been disposed of under similar charges based on statutes comparable to other subsections of § 195.250. In 28 C.J.S. Supplement Drugs and Narcotics § 152, it is said: "a. In a number of jurisdictions obtaining a controlled

substance . . . by . . . deceit . . . is a statutory offense * * * A specific intent to . . . deceive is not an element of the offense * * * b. The elements of the general offense of forgery are not incorporated in the statutory offense of obtaining a narcotic by a forged prescription, and an intent to defraud is not an element of the offense * * * c. [Giving false name or address] * * * The sole intent required is the intent to obtain the narcotic or other prohibited drug; and reliance on the false statement by the person who filled the prescription or order is not an essential [element] of the crime." Cases cited in support thereof include: *State v. Osborn,* 16 Ariz.App. 573, 494 P.2d 773; *State v. McFall,* 5 Ariz.App. 539, 428 P.2d 1013; *State v. Blea,* 20 Utah 2d 133, 434 P.2d 446; and, *Merritt v. State,* 245 Ind. 362, 198 N.E.2d 867. Others of interest are: *State v. Lee,* 62 Wash.2d 288, 382 P.2d 491; *People v. Oviedo,* 106 Cal. App.2d 690, 235 P.2d 612; *Geurin v. State of Nevada,* 73 Nev. 233, 315 P.2d 965; and, *State v. Crawford,* 251 S.W.2d 76 (Mo.1952).

In *State v. Osborn,* supra (1972), wherein the charge was based on the "deceit" portion of a similar statute, the court said, 494 P.2d l.c. 775: "This statute does not attempt to control the defrauding or deceit of druggists, and the specific intent to defraud or deceive need not be proven in order to convict . . ." See also *Forbes v. Ingraham,* 40 A.D.2d 1058, 338 N.Y.S.2d 955 (1972).

In *State v. Livingston,* 2 Or.App. 587, 469 P.2d 632 (1970), the charge was that of obtaining drugs by "fraud, deceit, misrepresentation and subterfuge" and the court concluded, 469 P.2d l.c. 634, that: "The Oregon Supreme Court has recognized that ORS ch. 474 should be given a sensible construction according to the fair import of its terms, with a view to effect the object of regulating and controlling traffic in narcotic drugs. See *State v. Powell,* 212 Or. 684, 692, 321 P.2d 333 (1958). Although the four words do have precise technical meanings in some legal contexts, their less precise everyday meaning is best suited for effectuation of this statutory purpose. This, combined with the fact that ORS 474.-170 uses a number of roughly synonymous terms, leads us to conclude that the object of the statute is to proscribe the obtaining of narcotic drugs through any untruthfulness or nondisclosure, whether or not the means employed constitutes 'fraud,' 'deceit,' 'misrepresentation,' or 'subterfuge' in the technical sense."

Compare, however, *Merritt v. State,* 245 Ind. 362, 198 N.E.2d 867 (Ind.1964), wherein the court decided that "reliance" was not an essential element where the charge was based on use of a false name but was if based on deceit.

Consideration must also be given to the standard against which an information is judged in this state. "Rule 24.01, V.A.M.R., provides that an information 'shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' This court has 'long ago departed from the extremely technical requirements of common law indictments and informations.' *State v. Brookshire,* Mo., 368 S.W.2d 373, 380. An information is not to be held insufficient for failure to follow the exact words of a statute if words of similar import are employed. *State v. Simone,* Mo., 416 S.W.2d 96." *State v. Parker,* 476 S.W.2d 513, 516 (Mo.1972).

Quite obviously if there is to be a negative answer to the question heretofore posed, it must be resolved that the General Assembly used the term "deceit" in subsection (1) of § 195.250 in the sense determined in *State v. Livingston,* supra. For the reasons herein considered we are convinced there is no basis for concluding otherwise and that it would be totally unrealistic to do so. The intent and purpose of § 195.250 is to prescribe the obtaining of narcotic drugs through any form of untruthfulness, deception or nondisclosure. The statute was not intended to control the defrauding or deceit of druggists. "Reliance" therefore is not an element of an offense under § 195.250 as it is under § 560.156 which is designed to prevent individuals from parting with their property because of the de-

ceit or misrepresentations of another party. *State v. Kesterson,* supra, therefore is distinguishable and not controlling. Thus, the information in this case was sufficient to charge appellant with an offense under subsection (1) of § 195.250.

The judgment is affirmed.

All concur.