STATE of Missouri, Plaintiff-Respondent,

v.

Patrick T. HOLDEN,
Defendant-Appellant.

No. 37119.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 22, 1977.

Robert A. Hampe, St. Louis, for defendant-appellant.

John Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Samuel G. Bertolet, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Judge.

In a jury-waived case, defendant Patrick T. Holden was convicted of obtaining a controlled substance by means of deceit. He was sentenced to two years in the Department of Corrections. Defendant appeals contending that the information lacks the allegedly essential requirement of reliance by the pharmacist and that the evidence fails to show the pharmacist relied on defendant's deceit when he filled the prescription.

The information reads as follows:

[O]n or about the 7th day of December, 1973, the defendant(s) did willfully, unlawfully and feloniously and by means of deceit obtain a certain Controlled Substance, to-wit: Phenmetrazine, by uttering, offering and passing as true and genuine a certain false instrument, to-wit: a prescription purported to be drawn by Dr. Earl Brand for 75 mg. preludin when in fact it was not so drawn by Dr. Earl Brand, to Thomas King, a licensed pharmacist, with the felonious intent then and there to obtain Controlled Substance aforesaid, when the said Patrick T. Holden, then and there well knew the said prescription to be false and untrue; contrary to Missouri Revised Statutes in such cases made and provided, and against the peace and dignity of the State.

The parties stipulated that preludin is merely the trade name for the chemical compound phenmetrazine. Since phenmetrazine was on Schedule II as of the date of this offense, according to page five of State's Exhibit No. 3 which is the Secretary of State's certification of lists of controlled substances compiled by the Division of Health; § 195.170, RSMo 1971 Supp., rather than § 195.250, RSMo 1971 Supp., is the applicable statute covering this offense. Section 195.170 provides:

No person shall obtain or attempt to obtain a controlled substance . . . by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of a false address.

The information in this case states defendant obtained a controlled substance "by means of deceit." The narrow issue in this case is whether reliance by the pharmacist is an essential element of obtaining controlled substances by deceit under § 195.170.

The recent case of *State v. St. John,* 544 S.W.2d 5, 8[1] (Mo.banc 1976), handed down after briefs were filed in this case, rules this point. The Missouri Supreme Court there held that reliance was not an element of the offense of obtaining a controlled substance by means of deceit under § 195.-250 which provides:

It is unlawful for any person to obtain or attempt to obtain any controlled substance listed in Schedule III, IV or V . . . by the following means:

(1) Fraud, deceit, misrepresentation, or subterfuge; or

(2) The forgery or alteration of the prescription or of any written order; or

(3) The concealment of a material fact; or

(4) The use of a false name or the giving of a false address.

Section 195.170 is virtually identical to § 195.250 and there can be no reason to hold that reliance is an element of obtaining a controlled substance by deceit under § 195.-170 when it is not an element of the offense under § 195.250. Defendant's contentions are without merit.

The judgment is affirmed.

CLEMENS, P. J. and DOWD, J., concur.