**Joel Clyde EATON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5761.**

Supreme Court of Wyoming.

March 18, 1983.

Rehearing Denied April 6, 1983.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, Sylvia Lee Hackl, Public Defender, Cheyenne, and John H. Rivera, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen., and Sharon A. Lyman, Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

After a trial to the court, appellant-defendant was found guilty of delivering a controlled substance in violation of § 35–7–1031(a)(ii), W.S.1977, and of unlawfully aiding and abetting the delivery of a controlled substance in violation of § 6–1–114, W.S. 1977, and § 35–7–1031(a)(ii). He was sentenced to not less than two years nor more than four years on the delivery count and to not less than three years nor more than five years on the aiding and abetting count, the sentences to run consecutively.

In appealing from the judgment and sentence, appellant words the issues as follows:

"I. WAS THE DEFENDANT ILLEGALLY ENTRAPPED INTO COMMITTING THE OFFENSES CHARGED?

"II. DID THE COURT ERR IN DENYING MOTIONS TO DISMISS THE INDICTMENT AFTER HAVING DISMISSED THE AMENDED INDICTMENT?

"A. WAS THE INCONSISTENCY BETWEEN THE STATUTORY CITATION AND THE FACTS ALLEGED GROUNDS FOR DISMISSAL?

"B. DID THE INDICTMENT MERGE WITH THE AMENDED INDICTMENTS, RENDERING IT VOID WHEN THE LATTER WAS DISMISSED?

"III. DID THE COURT HAVE JURISDICTION TO TRY THE CASE AFTER HAVING DISMISSED THE AMENDED INDICTMENT?

"IV. DID THE COURT ERR IN REFUSING TO GRANT DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE?

"V. WERE THE SENTENCES IMPOSED BY THE COURT EXCESSIVE?"

We affirm.

During the early morning hours of February 17, 1982, an undercover police officer offered appellant a ride home. The officer noticed the odor of marijuana on appellant and inquired as to whether or not appellant had been smoking marijuana and whether

or not he had any for sale. Appellant responded that he had smoked the last of his marijuana earlier in the evening but had some hashish, a form of marijuana, which he would sell. The officer then purchased three grams of hashish from the appellant.

The officer also discussed the possibility of later purchasing a pound of marijuana. Appellant suggested that his girl friend could supply that amount, and he assisted in setting up a sale of a pound of marijuana by the girl friend to the officer. Appellant was present when the sale was made—stating the price, counting the money and making change.

A Sheridan County grand jury indicted appellant for one count of delivery of a Schedule I controlled substance, marijuana, and one count of unlawfully aiding and abetting in the delivery of a Schedule I controlled substance, marijuana. The first indictment referred to each count as a violation of § 35–7–1031(a)(i), W.S.1977.[1] One week later, a second indictment, titled an "amended indictment," was issued by the grand jury charging the same offenses but correcting the statutory citation to § 35–7–1031(a)(ii), W.S.1977.[2] The second indictment was dismissed and appellant was tried on the first indictment. He was provided with a bill of particulars outlining the actions of the appellant alleged to constitute the offense. He was found guilty on both counts of violation of § 35–7–1031(a)(ii) and

sentenced within the statutory limits set out therein. (See fn. 1.)

### ISSUES I—IV

Appellant's court-appointed appellate counsel has chosen to take the position of an amicus curiae with regard to the first four issues. Rather than present cogent argument and authority supporting reversal, counsel has presented argument and authority showing why each issue is without merit. We will therefore treat each issue as abandoned, even though counsel did not specifically state that he was abandoning them.[3] See *Shaffer v. State,* Wyo., 640 P.2d 88, 106 (1982); *Weddle v. State,* Wyo., 621 P.2d 231, 236 (1980); *Nimmo v. State,* Wyo., 603 P.2d 386, 394 (1979); and *Searles v. State,* Wyo., 589 P.2d 386, 390 (1979). We do not consider issues not supported by cogent argument and pertinent authority. *Cardin v. Morrison-Knudsen,* Wyo., 603 P.2d 862, 865 (1979); *Hernandez v. Gilveli,* Wyo., 626 P.2d 74, 77 (1981); and *Merritt v. McIntyre and McIntyre Garden Center,* Wyo., 613 P.2d 206, 208 (1980).

### ISSUE V

Appellant argues that under the facts of this case the imposition of consecutive sentences on the two counts and the failure of the trial court to consider probation was an abuse of discretion. Appellant urges us to

---

1. Section 35–7–1031(a), provides in pertinent part:

   "(a) Except as authorized by this act [§§ 35–7–1001 to 35–7–1055], it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

   "(i) A controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars ($25,000.00), or both;

   "(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both."

2. Marijuana is a Schedule I controlled substance, § 35–7–1014(d)(x), W.S.1977, but is not a narcotic drug as that term is defined by § 35–7–1002(a)(xv), W.S.1977. Therefore, it is governed by penalty section (ii) of § 35–7–1031(a), rather than penalty section (i) of § 35–7–1031(a), supra, fn. 1.

3. Appellant's court-appointed counsel states in his brief that the first four issues were being listed because of a requirement set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967). However, the Anders requirement is with reference to counsel acting as an advocate, not as an amicus curiae, and concerns his effort to withdraw from the case because he feels the appeal is entirely frivolous. In this case counsel does not seek to withdraw and has acted as an advocate with regard to the fifth issue.

begin reviewing the propriety of sentences and thereby "set standards to guide trial judges in exercising their sentencing discretion."

 We have repeatedly held that we are reluctant to review the length of a sentence imposed by a trial court if it is within the limits set by statute and that we will not disturb a sentence absent a clear abuse of discretion. *Taylor v. State*, Wyo., 658 P.2d 1297 (1983); *Daniel v. State*, Wyo., 644 P.2d 172, 178 (1982); *Scheikofsky v. State*, Wyo., 636 P.2d 1107, 1112–1113 (1981); *Jones v. State*, Wyo., 602 P.2d 378, 380–381 (1979). The determination of whether sentences on two or more counts are to be served concurrently or consecutively is also within the discretion of the trial court. *Kennedy v. State*, Wyo., 595 P.2d 577–578 (1979). We do not find an abuse of discretion in· this case with reference to the length of the sentences or with reference to the consecutive nature of them.

Appellant also contends that the trial court abused its discretion in not considering probation as required by *Sanchez v. State*, Wyo., 592 P.2d 1130, 1137–1138 (1979). However, it is apparent from the transcript of the sentencing hearing that the possibility of probation was presented and that it was specifically rejected by the court because of appellant's prior conviction and the fact that there were two separate counts.

The trial court heard testimony from a friend of appellant offering appellant a job if he were placed on probation and discussing the problems appellant had after his release from the penitentiary in 1981 after serving a three-year sentence for burglary. Appellant discussed his problems with alcohol and his long involvement with the use of marijuana. Appellant's counsel addressed the facts surrounding appellant's convictions. The court noted that appellant's counsel made an "impassioned plea" and that he did "make some valid points." However, because of the seriousness ascribed to the crimes by the legislature, the fact that there were two separate offenses, and the prior felony conviction of appellant, the court decided that a penitentiary sentence was proper. We cannot say from the foregoing that the trial court abused its discretion in sentencing appellant as he did.

Affirmed.