Judy CRONIN, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 83–169.

Supreme Court of Wyoming.

March 23, 1984.

Leonard D. Munker, State Public Defender, and Sylvia Lee Hackl, Appellate Counsel, Wyo. Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Roger Fransen, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

On March 14, 1983 the appellant, Judy Cronin, drove to Gillette, accompanied by a friend, Betty D. Robinson. Ms. Cronin gave Ms. Robinson a prescription for tincture of opium, which prescription was made out to "Janet Cox" on a prescription form that had been stolen from the office of Dr. Robert Schmunk, a Douglas physician. The two went to the Osco drug store in Gillette, where Ms. Robinson had the prescription filled.

When the forged prescription was presented, the pharmacist became suspicious and telephoned Dr. Schmunk, who advised her that she might handle the situation by calling the police and, in the meanwhile, proceed to fill the prescription. This was done, and Ms. Robinson was apprehended immediately upon receipt of the tincture of opium. Two days later, Ms. Cronin, who had been waiting outside while Ms. Robinson was having the prescription filled, revealed her involvement in the scheme to Gillette police officers.

At trial, defendant Cronin offered three alternative instructions, all of which described reliance as a necessary element of the crime of obtaining a controlled substance by fraud, and these instructions were refused by the court. After due deliberation, the defendant was found guilty of aiding and abetting the obtaining of a controlled substance through fraud.

The issue described for our consideration is the following:

Whether the trial court erred in refusing appellant's offered instructions regarding reliance as a necessary element of obtaining a controlled substance by fraud.

We will affirm.

The defendant was charged with aiding and abetting the violation of § 35-7-1033(a)(iii), W.S.1977, which provides:

"(a) It is unlawful for any person knowingly or intentionally:

 \* \* \* \* \* \*

"(iii) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge; \* \* \*."

The court gave the jury the following instructions:

### "INSTRUCTION NO. 4

"To act fraudulently or with intent to defraud means to act willfully and deliberately and with the specific intent to deceive or cheat."

### "INSTRUCTION NO. 5

" \* \* \* Each of the following claims must be proved:

"1. That Judy Cronin intentionally did aid or abet Betty Robinson in acquiring or obtaining possession of one tincture of opium.

"2. That the tincture of opium was obtained by fraud.

"3. That the incident occurred on the 14th day of March, 1983, in Campbell County, Wyoming."

The nubbin of this appeal is this: Is reliance an element of fraud as conceived in the definition of a statute describing a public wrong as is the case when fraud is in issue in civil matters? The trial court held that reliance was not an element of fraud where this criminal statute is concerned—and we agree.

When construing a statute, we have recognized that we have a duty to attempt to effectuate the purposes and intent of the legislature and to avoid the application of overly narrow meanings to statutes, in disregard of legislative intent. *Nimmo v. State*, Wyo., 603 P.2d 386 (1979); *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of the County of Albany*, Wyo., 592 P.2d 1154 (1979). We will hold here that the statute in issue was enacted for the purpose of protecting the public by controlling the unlawful distribution and use of drugs. It was not intended to identify doctors and druggists as victims and protect these classes of individuals from fraud and deceit. *State v. Osborn*, 16 Ariz.App. 573, 494 P.2d 773, 775 (1972); *State v. Livingston*, 2 Or.App. 587, 469 P.2d 632, 634 (1970); *State v. Blea*, 20 Utah 2d 133, 434 P.2d 446, 448, 25 A.L.R.3d 1113 (1967); *State v. Lee*, 62 Wash.2d 228, 382 P.2d 491, 494 (1963).

■ The purpose behind the State's policy of controlling the distribution and use of drugs is significantly different and therefore must be distinguished from the purpose served by civil actions grounded in fraud. Civil fraud occurs when one party is injured as a result of misrepresentations made by another, 37 Am.Jur.2d, Fraud and Deceit, § 1, and the purpose of legal action is to make the defrauded party whole.

In *Johnson v. Soulis*, Wyo., 542 P.2d 867, 872 (1975), when describing civil fraud, we said:

"In Wyoming the elements of an action for fraud have been identified as a false representation by a defendant of material facts which are relied upon by a plaintiff to his damage. *Davis v. Schiess*, Wyo., 417 P.2d 19 (1966). Earlier this Court developed the concept that the asserted false representation must be one which is made to induce action, and that it must be reasonably believed by the plaintiff to be true. *First National Bank v. Swan*, 3 Wyo. 356, 23 P. 743 (1890)."

On the other hand, and in accord with following authority, where fraud is an element of a statutory crime, the result of the fraudulent misrepresentation is the same whether the person upon whom the defendant works his or her wiles relies upon the misrepresentations or not. This is so because, where a criminal drug statute is violated, the perpetrator seeks to cause the controlled substance to be dispensed for other than valid medical reasons and this is what the statute seeks to avoid. When the defendant aided Ms. Robinson in the use of a forged prescription with which they undertook to obtain controlled substances, the

intent of the legislature to prohibit such transactions was contravened and the public interest in preventing such illicit transactions was frustrated. The perpetration of the public wrong is a fait accompli whether the person dispersing the drug has relied upon the representation of the defendant or not. It was not the intention of the legislature that the crime could not be committed absent the victimizing of some individual or classes of individuals. The purpose of the legislation was aimed at the illegal dispensing of controlled substances, and when the effort was made by Ms. Cronin to aid and abet Ms. Robinson in obtaining the illegal drugs through misrepresentations, the crime was committed whether the pharmacist acted on the representations or not. Furthermore, the crime was committed whether or not the means employed constitutes fraud in the technical sense.

The Missouri Supreme Court reflected that it might not be possible to prosecute the violation of a statute similar to Wyoming's if reliance were an element of the crime, since there was no victim who had acted upon the misrepresentations of the accused. *State v. St. John*, Mo., 544 S.W.2d 5, 7 (1976). It was the Missouri Supreme Court's judgment that reliance by the druggist filling a forged prescription is immaterial since he has not been injured and since liability to him is not at issue in a criminal case of this type.

In *State v. St. John*, supra, the defendant was found guilty of having obtained a " 'controlled substance by deceit.' " 544 S.W.2d at 6. On appeal, the appellant challenged the sufficiency of an information which, while finding its predicate in deceit, failed to allege reliance on the part of the party deceived. The State, in argument, conceded that the statute

" * * * delineates several different means of violating the same by the use of generic as well as non-generic terms; but, then suggests that it is illogical and unwarranted to hold that 'reliance' is necessarily an element of prosecution under subsection (1) of § 195.250 primarily

because the druggist is not a 'victim' in the sense of one parting with property because of the deceit of another." 544 S.W.2d at 7.

The State further argued that the purpose of the deceit statute

" * * * is not to control the defrauding or deceit of druggists or pharmacists but rather to prohibit the misuse of narcotic drugs." 544 S.W.2d at 7.

This posed the following question for the Supreme Court of Missouri:

" * * * [I]s it impossible to prosecute a person under subsection (1) of § 195.250 for obtaining a controlled substance by 'deceit' because there is no 'victim' to provide a 'reliance' thereon?" 544 S.W.2d at 7.

We are impressed with the logic employed by the Missouri Supreme Court as it undertook the solving of its problem, and we find the reasoning applicable, acceptable and closely analogous to the issue at bar.

In the *St. John* case, the Missouri Supreme Court said:

" * * * Resolution of an answer to the question posed is made easier if we note how the 'reliance' issue has been disposed of under similar charges based on statutes comparable to other subsections of § 195.250. In 28 C.J.S. Supplement Drugs and Narcotics § 152, it is said: 'a. In a number of jurisdictions obtaining a controlled substance ... by ... deceit ... is a statutory offense * * * A specific intent to ... deceive is not an element of the offense * * * b. The elements of the general offense of forgery are not incorporated in the statutory offense of obtaining a narcotic by a forged prescription, and an intent to defraud is not an element of the offense * * * c. [Giving false name or address] * * * The sole intent required is the intent to obtain the narcotic or other prohibited drug; *and reliance on the false statement by the person who filled the prescription or order is not an essential [element] of the crime.'* Cases cited in support thereof include: *State v. Os-*

*born,* 16 Ariz.App. 573, 494 P.2d 773; *State v. McFall,* 5 Ariz.App. 539, 428 P.2d 1013; *State v. Blea,* 20 Utah 2d 133, 434 P.2d 446; and, *Merritt v. State,* 245 Ind. 362, 198 N.E.2d 867. Others of interest are: *State v. Lee,* 62 Wash.2d 228, 382 P.2d 491; *People v. Oviedo,* 106 Cal. App.2d 690, 235 P.2d 612; *Geurin v. State of Nevada,* 73 Nev. 233, 315 P.2d 965; and, *State v. Crawford,* 251 S.W.2d 76 (Mo.1952).

"In *State v. Osborn,* supra (1972), wherein the charge was based on the 'deceit' portion of a similar statute, the court said, 494 P.2d l.c. 775: 'This statute does not attempt to control the defrauding or deceit of druggists, and the specific intent to defraud or deceive need not be proven in order to convict ...' See also *Forbes v. Ingraham,* 40 A.D.2d 1058, 338 N.Y.S.2d 955 (1972).

"In *State v. Livingston,* 2 Or.App. 587, 469 P.2d 632 (1970), the charge was that of obtaining drugs by 'fraud, deceit, misrepresentation and subterfuge' and the court concluded, 469 P.2d l.c. 634, that: 'The Oregon Supreme Court has recognized that ORS ch. 474 should be given a sensible construction according to the fair import of its terms, with a view to effect the object of regulating and controlling traffic in narcotic drugs. See *State v. Powell,* 212 Or. 684, 692, 321 P.2d 333 (1958). Although the four words do have precise technical meanings in some legal contexts, their less precise everyday meaning is best suited for effectuation of this statutory purpose. *This,* combined with the fact that ORS 474.170 uses a number of roughly synonymous terms, *leads us to conclude that the object of the statute is to proscribe the obtaining of narcotic drugs through any untruthfulness or nondisclosure, whether or not the means employed constitutes "fraud," "deceit," "misrepresentation," or "subterfuge" in the technical sense.'"* (Emphasis added.) 544 S.W.2d at 7–8.

The court concluded by holding:

"The intent and purpose of § 195.250 is to proscribe the obtaining of narcotic drugs through any form of untruthfulness, deception or nondisclosure. The statute was not intended to control the defrauding or deceit of druggists. *'Reliance' therefore is not an element of an offense under § 195.250 * * *."* (Emphasis added.) 544 S.W.2d at 8.

To the same effect, see *State v. Holden,* Mo.App., 548 S.W.2d 194 (1977).

In *State v. McFall,* 5 Ariz.App. 539, 428 P.2d 1013 (1967), the defendant was convicted of obtaining narcotics by fraud or deceit in violation of the State's criminal statute. The defendant objected to instructions explaining the statute and the court observed that the defendant was not on trial for forgery but for obtaining narcotics by means of a forgery. The same can be said in the case at bar. Cronin is not charged with fraud here—she is charged with acquiring and obtaining possession of a controlled substance by means of fraud. The Arizona court said:

"While 'intent to defraud' is an element of the crime of forgery, A.R.S. § 13–421, we do not believe the legislature intended to incorporate all the elements of that separate crime into the definition of the subject offense. The subject statute is not aimed at the protection of persons from being defrauded of property, but at the misuse of narcotic drugs. *Whether the druggist was defrauded or deceived, we hold to be immaterial to the charges made here.* So long as narcotics are obtained by a person knowingly using a forged prescription—that is, a prescription purportedly made out in the name of a person authorized by law to issue prescriptions, A.R.S. § 36–1006, but in fact written by another person without any authority to so act—we hold the particular crime to be complete." (Emphasis added.) 428 P.2d at 1020.

 Consistent with these authorities, we hold that reliance was not an element of the crime which the State charges Cronin committed when she undertook to aid and abet the obtaining of a controlled substance through untruthfulness, deception

or nondisclosure, including the use of a forged prescription. It is immaterial whether the druggist was defrauded or deceived. The protection of druggists, pharmacists or doctors is not the intent of the statute. Instead, it was the legislature's intention to control the illegal sale of drugs. In order that the crime in issue may be committed, there need be no victim and there is therefore no necessity for proving a specific intent to defraud a victim other than the public at large. It therefore follows that the element of reliance is not an essential aspect of the "fraud" about which the statute and the court's instruction speak.

Affirmed.