**Betty Dee ROBINSON, Appellant
(Defendant),**

v.

**The STATE of Wyoming, Appellee
(Plaintiff).**

No. 83–207.

Supreme Court of Wyoming.

March 26, 1984.

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, and Martin J. McClain, Asst. Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Roger Fransen, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

Except for appellant Robinson's contention that her sentence was excessive, this appeal is, in law and fact, almost identical to *Cronin v. State*, 678 P.2d 370 (1984). The only difference between the *Cronin* appeal and the first issue in the case at bar is that in *Cronin* the defendant was charged with "aiding and abetting," by fraudulent means, the violation of § 35–7–1033(a)(iii), W.S.1977, which provides:

"(a) It is unlawful for any person knowingly or intentionally:

\* \* \* \* \* \*

"(iii) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge;"

where here defendant Robinson is charged with the direct violation of the statute through fraud.

## FACTS

Appellant Robinson rode to Gillette with a friend, Judy Cronin, on the morning of March 14, 1983. When the two of them arrived in Gillette, they stopped for a cup of coffee, at which point Ms. Cronin gave appellant a prescription written for "Janet Cox" for tincture of opium and money to pay for it. They then drove to the Osco drug store and Ms. Robinson went inside to fill the prescription.

When the prescription was presented, the pharmacist became suspicious. She called Dr. Schmunk, the Douglas physician on whose form and over whose signature the prescription was written, who denied having treated "Janet Cox" or writing the prescription. Dr. Schmunk advised the pharmacist to fill the prescription and to call the police officers to investigate. The prescrip-

tion was not dispensed until police arrived. When the pharmacist asked appellant her name, she stated that she was "Janet Cox," and when police officers stopped her after she had received the tincture of opium she told them her name was "Betty Cox" and that "Janet Cox" was her aunt.

Appellant accompanied the police officers to the police station, where she persisted for a short while in maintaining that she was "Betty Cox." When the futility of her misrepresentations became apparent, she told police officers the full story of her association with Ms. Cronin and the circumstances under which she had the prescription filled.

The defendant identifies the issues as follows:

"1. Whether reliance is a necessary element of the crime of obtaining a controlled substance by fraud.

"2. Whether the district court abused its discretion in sentencing Appellant to one to three years upon the facts presented here."

### Issue No. 1
### Reliance—An Element of Fraud?

■ This question was decided in *Cronin v. State*, supra. There we held that reliance is *not* a necessary element of the crime of obtaining a controlled substance by fraud, in violation of § 35–7–1033(a)(iii), supra. That will be our judgment on this issue in this appeal. We review our reasons briefly.

The statute in question was intended to protect the public from drug abuse and its purpose was not to protect doctors, druggists and pharmacists from fraud. *State v. Osborn*, 16 Ariz.App. 573, 494 P.2d 773, 775 (1972); *State v. Livingston*, 2 Or.App. 587, 469 P.2d 632, 634 (1970); *State v. Blea*, 20 Utah 2d 133, 434 P.2d 446, 448, 25 A.L.R.3d 1113 (1967); *State v. Lee*, 62 Wash.2d 228, 382 P.2d 491, 494 (1963).

■ While reliance is a necessary element of civil fraud, *Johnson v. Soulis*, Wyo., 542 P.2d 867, 872 (1975), this is not so where proof of the violation of the stat-

ute describing the crime involved in the case at bar is concerned. *Cronin v. State,* supra, citing *State v. St. John,* Mo., 544 S.W.2d 5, 7 (1976). Where the violation of a criminal statute is charged, the result is the same, whether the person sought to be defrauded acted upon the misrepresentations of the defendant or not. This is so because the focus is on the proscription of obtaining illegal drugs

"' * * * through any untruthfulness or nondisclosure, whether or not the means employed constitutes "fraud" * * * in the technical sense.'" *State v. St. John,* 544 P.2d at 8, quoting from *State v. Livingston,* 2 Or.App. 587, 469 P.2d 632, 634 (1970).

See also *State v. Holden,* Mo.App., 548 S.W.2d 194 (1977); *State v. McFall,* 5 Ariz. App. 539, 428 P.2d 1013 (1967). Where the defendant was charged with obtaining narcotics through fraud or deceit, the court in *State v. McFall,* supra, held that it was immaterial whether a technical fraud had been committed, and said:

"*Whether the druggist was defrauded or deceived, we hold to be immaterial to the charges made here.* So long as narcotics are obtained by a person knowingly using a forged prescription—that is, a prescription purportedly made out in the name of a person authorized by law to issue prescriptions, A.R.S. § 36–1006, but in fact written by another person without any authority to so act—we hold the particular crime to be complete." (Emphasis added.) 428 P.2d at 1020.

■ In the case at bar, the defendant attempted to obtain drugs illegally through such fraudulent and deceitful means as are prohibited by the statute. It is, therefore, not necessary that the fraudulent effort be relied upon since it is the public rather than the pharmacist that the statute seeks to protect. For further rationale and citation of authority, see *Cronin v. State,* supra.

*Issue No. 2*
Abuse of Discretion In the Sentencing
Process

This court is presently in the throes of attempting to delineate sentencing standards, and the district judges of Wyoming are also engaged in dialogue which will aid in bringing more uniformity to sentencing. In the meantime, we turn to what was said in *Wright v. State,* Wyo., 670 P.2d 1090, 1093 (1983):

"* * * [I]t is generally recognized that a sentence is imposed for *one or more* of four purposes: (1) rehabilitation, (2) punishment (specific deterrence and retribution), (3) example to others (general deterrence), and (4) removal from society (incapacitation or protection of the public.)"

In *Wright,* where we set out these "purposes" for sentencing, we reannounced that we do not follow the common-law rule which holds that

"* * * a sentence is not subject to appellate review if it is within the limits set by the legislature." 670 P.2d at 1091.

We then went on to reiterate the oft-stated rule of this court when we said:

"As long ago as 1927, we indicated that we would modify a legal sentence if the trial court abused its discretion in imposing it. *State v. Sorrentino,* 36 Wyo. 111, 253 P. 14, 16 (1927). Since then, we have repeatedly set forth the fact that a sentence will be reviewed for abuse of discretion. *Cavanagh v. State,* Wyo., 505 P.2d 311 (1973); *Peterson v. State,* Wyo., 586 P.2d 144 (1978); *Sanchez v. State,* Wyo., 592 P.2d 1130 (1979); *Jones v. State,* Wyo., 602 P.2d 378 (1979); *Buck v. State,* Wyo., 603 P.2d 878 (1979); *Sorenson v. State,* Wyo., 604 P.2d 1031 (1979); *Kenney v. State,* Wyo., 605 P.2d 811 (1980); *Scheikofsky v. State,* Wyo., 636 P.2d 1107 (1981); *Daniel v. State,* Wyo., 644 P.2d 172 (1982); *Taylor v. State,* Wyo., 658 P.2d 1297 (1983); and *Eaton v. State,* Wyo., 660 P.2d 803 (1983)."[1] 670 P.2d at 1092.

---

**1.** In *Wright v. State,* supra, Justice Thomas took the position that this court has in fact adopted the common-law rule. While expressing an understanding of Justice Thomas' concerns, the author of the opinion here agreed that the rule

■ It is, therefore, the position of this court that we retain the authority to inquire whether a district judge has abused his or her sentencing discretion, but we will not find discretion to have been abused when we are able to conclude that, in the sentencing process, the judge has considered the purposes of sentencing enumerated in *Wright v. State*, supra, and has applied them to the facts of the case in a reasonable way.

■ This brings us to this case. We are asked here to find that the trial judge abused his discretion when he sentenced Ms. Robinson to one to three years in the Wyoming Women's Center for violating the statute in question. The record shows that Ms. Robinson has a drug problem which includes the use of marijuana and amphetamines, and the record strongly indicates that she has not been able to cope with or solve her problem. The record reveals that, in order to sustain her dependence upon drugs, she committed a fraud upon the people of this state by such deceitful means and devices as are considered to be in violation of the laws of Wyoming. The judge was able to observe Ms. Robinson during the trial—he read the presentence investigation report, heard the recommendations of the prosecuting attorney and the defense attorney, and he heard Ms. Robinson testify at the sentencing hearing. All of this information was available to the court and, given the sentence that the judge imposed, the facts surrounding the crime and habits of Ms. Robinson that led her to its commission, we are unable to say that the district court judge abused his sentencing discretion.

Affirmed.

THOMAS, Justice, specially concurring.

I concur in the disposition of both issues in this case and agree that the judgment and sentence must be affirmed. Since the court's opinion in *Wright v. State*, Wyo., 670 P.2d 1090 (1983), was filed the court has decided *Ventling v. State*, Wyo., 676 P.2d 573 (1984), and this case, in both of which the court has not adjusted sentences that were within the statutory limits. Furthermore, on January 19, 1984, this court entered an order granting a rehearing in *Wright v. State*, supra. Under these circumstances I cannot at this point recede from the position which I espoused in *Wright v. State*, supra, and my concurrence with respect to the sentence in this case is premised upon the fact that it was within the statutory limits.

is as suggested by the majority while disagreeing with its application to the facts in *Wright*.