**Ivan L. STODDARD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 85–65.**

Supreme Court of Wyoming.

Oct. 17, 1985.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, Cheyenne, and K. Leslie Delk, Asst. Public Defender, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal results from a penitentiary sentence after appellant pled guilty to conversion by a bailee. The single issue on appeal is whether the sentence imposed was "an abuse of the sentencing court's discretion."

We will affirm.

During his professional career appellant Ivan L. Stoddard was in the business of selling insurance and investing money for individuals. In December of 1979, appellant received approximately $86,000 from Emily Reeves for the ostensible purpose of investing it for her. Rather than investing the money for the benefit of Mrs. Reeves, appellant diverted the money for his own purposes. Before December 1984 appel-

lant returned about $25,000 to Mrs. Reeves on demand, and paid her some interest.

In an amended information dated December 17, 1984, appellant was charged with conversion by a bailee, conduct proscribed by § 6-3-402(b), (c)(i), W.S.1977, (June 1983 Replacement).[1] On January 31, 1985, appellant pled guilty as charged in the amended information. He was subsequently sentenced to three to five years at the Wyoming State Penitentiary and ordered to make restitution in the sum of $61,000.

In support of his contention that the court abused its discretion in imposing a penitentiary sentence, appellant points out that he is 64 years old, has no prior criminal record, and produced three witnesses at the sentencing hearing who vouched for his honesty. Appellant complains about the presentence investigation report. The court gave him an opportunity at the sentencing hearing to correct any errors. Appellant did not point out any specific errors, but complained that the report was "not totally accurate" and that the probation officer took statements made by him out of context and slanted them to create a highly prejudicial report. Appellant also took offense at the way the probation officer characterized him.

Appellant has never contended that there was not a factual basis for his plea of guilty; however, in the sentencing hearing and on appeal he maintains that he never intended to defraud Mrs. Reeves, nor did he divert monies entrusted to him for his own personal use. Appellant's reasoning is specious; he admits that he took Mrs. Reeves' money, put it in an account with Boettcher & Co. under the name of Stoddard Agency, Inc., and used the money to pay company accounts. Also, some Reeves' money went to appellant's niece in some kind of a transaction that is not clearly explained in the record. Under § 6-3-

---

1. "(b) A bailee or any person entrusted with the control, care or custody of any money or other property, excluding public servants subject to W.S. 6-5-109, who, with intent to steal or to deprive the owner of the property, converts the property to his own or another's use is guilty of larceny.

"(c) Larceny is:
"(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is two thousand dollars ($2,000.00) or more."

402 a defendant is guilty if he either "converts the property (money) to his own or another's use."

Appellant contends that under the facts of this case it was an abuse of discretion not to give him probation. We disagree. This court has previously held that

"a trial judge must give consideration to the application [for probation] and grant or deny the same in the exercise of a sound legal discretion. The refusal of the application must not be based upon mere whim or caprice nor upon any ground not sanctioned by the law. [Citation.]" *Sanchez v. State*, Wyo., 592 P.2d 1130, 1137 (1979).

In this case the trial court ordered a presentence investigation and considered two plans for restitution. These plans were part of a probation scheme and considered at the sentencing hearing. The court listened to testimony in support of probation. We do not believe that it is of any consequence that the trial court did not use some magic words to say affirmatively that it considered probation. The actions of the court before and at sentencing clearly indicate that consideration was given to probation.

In *Beaulieu v. State*, Wyo., 608 P.2d 275 (1980), this court said:

" * * * The fact that probation was requested and the appearance of a probation plan in the presentence report can lead to no conclusion but that the court could not avoid giving it consideration. No particular amount of consideration is required. There need be no specific entry into the record of reasons why probation is denied nor does the word 'probation' even need be mentioned by the court if it can be determined from the proceedings that it has been considered, however slightly. [Citation.]"

See also, *Kenney v. State*, Wyo. 605 P.2d 811 (1980).

In *Robinson v. State*, Wyo., 678 P.2d 374 (1984), we cited Wyoming cases tracing the history of abuse of discretion problems in sentencing.

"In *Wright v. State*, Wyo., 670 P.2d 1090, 1093 (1983), we said:

" ' * * * [I]t is generally recognized that a sentence is imposed for *one or more* of four purposes: (1) rehabilitation, (2) punishment (specific deterrence and retribution), (3) example to others (general deterrence), and (4) removal from society (incapacitation or protection of the public.)' "

" 'There is no decision in the criminal process that is as complicated and difficult as the one made by the sentencing judge. A sentence prescribes punishment, but it also should be the foundation of an attempt to rehabilitate the offender, to insure that he does not endanger the community, and to deter others from similar crimes in the future. Often these objectives are mutually inconsistent, and the sentencing judge must choose one at the expense of the other. * * * *' " *Ventling v. State*, Wyo., 676 P.2d 573, 576 (1984), quoting 4 Wharton's Criminal Procedure, § 609, p. 207, n. 14 (12th ed. 1976).

This court has previously discussed the definition of "abuse of discretion" which is to be applied in sentence review cases:

" 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *' " *Wright v. State*, supra, at 1092, quoting *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

The victim of the crime here is an older woman in need of several operations, and was stripped of her life savings. The record reveals that the sentencing judge executed a sentencing information instrument, and listed two aggravating factors pertaining to the crime, including "the victim was particularly vulnerable." The judge found no mitigating factors. He

stated that his purposes in sentencing the appellant were:

"The punishment of this offender is necessary to help deter others from committing crime;

"There is undue risk that if a lesser sentence were imposed, the offender would continue to commit criminal offenses;

"The offender is in need of correctional treatment that can be provided most effectively by the sentence imposed."

In the comment portion of the information instrument the judge indicated that appellant had preyed on "other vulnerable older people." Appellant asked the sentencing court and this court to consider the nature of the offense. Such consideration does not afford appellant any succor. In the crime here the appellant was twice culpable—once for stealing money, and additionally for violating a trust.

The purposes of the sentence here, as indicated by the sentencing judge, are in accord with the purposes of sentencing set out in the Wright case. Furthermore, the action of the sentencing judge did not exceed "the bounds of reason" and the sentencing court "could reasonably conclude as it did." *Wright v. State*, supra.

Affirmed.