**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00323-CV**
_____

**IN THE INTEREST OF S.L. JR. AND A.A.**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 56203**

**MEMORANDUM OPINION**

Appellant A.A.[1] appeals from an order terminating her parental rights to her minor children, S.L. Jr. and A.A. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of appellant's parental rights, and that termination of appellant's parental rights is in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (O), (2) (West Supp. 2016). In two appellate issues, appellant challenges the legal and factual sufficiency of the evidence. We affirm the trial court's order.

---

[1]We will refer to the appellant mother as "appellant[,]" and we will refer to the minor child A.A. as "A.A."

Raymonica Scypion of the Department of Family and Protective Services ("the Department") testified that a family plan of service was developed for appellant, but appellant had not adequately and appropriately complied with the family plan of service. A copy of the family plan of service for appellant was admitted into evidence, and Scypion testified that the plan contained specific tasks appellant would be required to complete in order to obtain return of the children. According to Scypion, the family plan of service ordered appellant to undergo drug testing, but appellant never did so. Scypion also testified that appellant failed to sign a release of information as required by the family plan of service, and appellant failed to maintain contact with Scypion despite Scypion sending letters to appellant, trying to call appellant, and attempting to visit appellant's home.

According to Scypion, appellant had only attended approximately three scheduled visits with the children. In addition, Scypion testified that she was unable to verify that appellant had maintained a safe, stable, and drug-free home environment, as required by the order. Scypion further explained that appellant had not done the services required of her under the order, such as attending NA or AA meetings, completing individual counseling, participating in and successfully completing a psychological evaluation, and completing a drug and alcohol

assessment. Scypion testified that appellant is unable to provide the children with basic care and a safe and stable home environment, and she testified that she believes remaining in their current placement is in the best interest of the children. Scypion explained that the Department's goal for the children is adoption by their foster parents, who have cared for the children since they came into the Department's care.

Appellant testified that the trial judge should not have found sufficient evidence to place her children under the care of the Department. Appellant explained that the Department reviewed the family plan of service with her, but she did not understand what was being asked of her because she "felt like there was no need for it." Appellant testified that she was working to obtain the children's return, but she did not see a need to rearrange her life to comply with the terms of the family plan of service. Appellant testified that she had proven that the allegations that led to the removal of the children were false, so the children should have been returned to her. According to appellant, she did not attend family visits with the children because she "could tell . . . that they weren't okay, they were acting different, they were acting out of behavior, and they didn't understand why they were being taken from me[.]"Appellant testified that she feared that she would emotionally damage the children by coming in and out of their lives. In addition,

3

appellant testified that she did contact Scypion, but Scypion did not answer. During cross-examination, appellant testified that she had two other children who had both been adopted after the Department became involved. In addition, appellant testified that she has not seen S.L. Jr. and A.A. or provided for their support for more than six months. Appellant further testified that she had refused to take drug screens.

Dorothy Stanley, the children's guardian ad litem, testified that she has visited with appellant, but appellant has not been cooperative. Stanley testified that appellant always has an excuse for everything and believes that nothing is her fault. According to Stanley, the children are currently placed in a foster home, where they are healthy, happy, and having their needs met. Stanley explained that the foster parents are willing to adopt the children and are able to meet the children's physical and emotional needs, educate them, offer them a stable home, and promote their best interest. Stanley testified that she believes termination of appellant's parental rights and adoption by their foster parents are in the children's best interest. According to Stanley, the children would be in emotional or physical danger if they were placed back into appellant's home, and appellant lacks the necessary skills to parent the children in a safe and stable home environment. Amy Babineaux, the Department's supervisor in the case, testified that appellant

4

understood the necessary steps to obtain the children's return, but appellant failed to comply with the family plan of service.

The children's foster mother, R.F., testified that the children are happy and healthy, and their needs are being met. R.F. testified that she and her husband wanted to adopt the children. R.F. testified, "I want everything for them. I want them to go to college and have their dreams met." At the conclusion of R.F.'s testimony, the Department rested.

Appellant called her father J.A. to testify. J.A. testified that appellant called him and told him that a female, R.R., had taken off with the children by car and then R.R. called CPS. A CPS worker called J.A. and asked "[w]here's your daughter?" J.A. explained that he told the CPS worker that R.R. did not have permission to take the children. J.A. testified that he was willing to take care of the children, but CPS "wouldn't talk to [him]." According to J.A., no one from CPS seemed interested in investigating the truth about what occurred.

G.O., who has known J.A. for several years, testified that on June 29, 2015, he had people visiting his home for a barbecue, and appellant and her children attended. According to G.O., the kids turned up missing later that afternoon, and G.O. believed R.R. had taken them. G.O. testified that appellant had not given R. R. permission for to take the children, and appellant seemed upset. G.O. testified that

5

he was "pretty shocked that [CPS] even had anything to do with the situation[,]" and that the children were not in any danger when they were with appellant. G.O. explained that the children seemed to be well cared for. Appellant rested at the conclusion of G.O.'s testimony.

## ISSUE TWO

In her second issue, appellant argues that the evidence was legally and factually insufficient to establish that she failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O). Because issue two is dispositive, we address it first.

Under legal sufficiency review, we review all the evidence in the light most favorable to the finding to determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id.* If no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, the evidence is legally insufficient. *Id.*

6

Under factual sufficiency review, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id*. We give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. We consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id*. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id*.

The decision to terminate parental rights must be supported by clear and convincing evidence, *i.e.*, "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2014); *In the Interest of J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). The movant must show that the parent committed one or more predicate acts or omissions and that termination is in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2016); *see also J.L.*, 163 S.W.3d at 84. We will affirm a judgment if any one of the grounds is supported by legally and factually sufficient evidence and the best

interest finding is also supported by legally and factually sufficient evidence. *In the Interest of C.A.C. JR.*, No. 09-10-00477-CV, 2011 WL 1744139, at *1 (Tex. App.—Beaumont May 5, 2011, no pet.) (mem. op.). The court need not consider any excuses offered by the parent for failure to comply with court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.).

Section 161.001(b)(1)(O) allows for termination if the trial court finds by clear and convincing evidence that the parent has "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department[.]" Tex. Fam. Code Ann. § 161.001(b)(1)(O). Regarding the children's best interest, we consider a non-exhaustive list of factors: (1) desires of the child; (2) emotional and physical needs of the child now and in the future; (3) emotional and physical danger to the child now and in the future; (4) parental abilities of the individuals seeking custody; (5) programs available to assist these individuals to promote the best interest of the child; (6) plans for the child by these individuals or by the agency seeking custody; (7) stability of the home or proposed placement; (8) acts/omissions of the parent which may indicate that the existing parent-child relationship is not proper; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d

367, 371-72 (Tex. 1976); *see* Tex. Fam. Code Ann. § 263.307(b) (West Supp. 2016). No particular *Holley* factor is controlling, and evidence of one factor may be sufficient to support a finding that termination is in the children's best interest. *See In re A.P.*, 184 S.W.3d 410, 414 (Tex. App.—Dallas 2006, no pet.). The best interest determination may rely on direct or circumstantial evidence, subjective facts, and the totality of the evidence. *See In re N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.).

Viewing the evidence in the light most favorable to the trial court's finding under subsection 161.001(b)(1)(O), we conclude that the trial court could reasonably determine that appellant failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of S.L. Jr. and A.A. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O); *N.R.T.*, 338 S.W.3d at 676. The trial court could reasonably have formed a firm belief or conviction that appellant failed to comply with the provisions of the order that specifically established the actions necessary for her to obtain the return of S.L. Jr. and A.A. *See id*. § 161.001(b)(1)(O); *N.R.T.*, 338 S.W.3d at 676.

With respect to the best interest finding, the trial court heard Scypion and Stanley testify that it is in the best interest of S.L. Jr. and A.A. to remain in their current placement, and Stanley testified that the children were healthy and happy,

9

and their needs were being met in their current placement. In addition, the trial court heard Stanley testify that appellant lacks the necessary skills to parent the children in a safe and stable home environment. "[T]he prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." Tex. Fam. Code Ann. § 263.307(a) (West Supp. 2015). As the sole judge of the credibility of Scypion and Stanley and the weight to be given to their testimony, the trial court could reasonably conclude that termination of appellant's parental rights was in the best interest of S.L. Jr. and A.A. *See id.* §§ 161.001(b)(2), 263.307(a); *see also J.F.C.*, 96 S.W.3d at 266; *Holley*, 544 S.W.2d at 371-72.

We conclude that the Department established, by clear and convincing evidence, that appellant committed the predicate act enumerated in section 161.001(b)(1)(O) and that termination of appellant's parental rights is in the best interest of S.L. Jr. and A.A. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O), (2); *C.A.C. JR.*, 2011 WL 1744139, at *1. We overrule issue two and need not address issue one. *See C.A.C. JR.*, 2011 WL 1744139, at *1; *see also* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

10

Submitted on December 28, 2016
Opinion Delivered January 19, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.